## Mandlove v. Pavy.

County Commissioners.—*Appeal.*—On an appeal to the circuit court from the decision of the board of county commissioners in a proceeding to contest an election to the office of township trustee, the circuit court cannot remand the cause to said commissioners for trial and determination, but must finally determine it as an original action.

APPEAL from the Decatur Circuit Court.

Downey, J.—This was a proceeding instituted before the commissioners of Decatur county, by Pavy, contesting the election of Mandlove to the office of trustee of Clay township, in that county.

There was a motion made before the commissioners by Mandlove to set aside the service of notice on him, which was overruled. The case was tried by the commissioners, and judgment rendered against him. He appealed to the circuit court. In that court, he filed a motion to dismiss the cause. Thereupon Pavy filed his motion to return the

case to the commissioners' court, with an order that the board fix a time for the hearing of the cause, and that proper and legal notice be given to the defendant of the time and place of trial, and that they proceed to try the cause and determine the rights of the parties. The court, without having decided anything in the case, sustained this latter motion and ordered the cause certified to the commissioners, with the instructions which were asked.

The appellant took the proper exception to this disposal of the case, and appealed to this court.

We think the action of the circuit court was erroneous. Mandlove had appealed from the commissioners' court to the circuit court, and it was the duty of the latter court to decide upon the question of service, and if sufficient, then to hear and determine the cause. It is said by this court, in the case of *McPherson* v. *Leathers*, 29 Ind. 65, "in such an appeal, the circuit court must try the cause for itself, as an original cause, and it does not take jurisdiction as a court for the correction of errors. It must make a final determination, and it may then either execute its judgment, or send the cause down to the commissioners with directions to carry the same into effect. 1 G. & H. 253, secs. 36, 37."

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*J. Gavin, J. D. Miller, C. Ewing,* and *J. K. Ewing,* for appellant.

*W. Cumback, S. A. Bonner, C. Shane,* and *W. A. Moore,* for appellee.