## THE STATE, EX REL. SCOBEY, *v.* WHEADON, AUDITOR.

RAILROAD.—*Appropriation to by County.— Time.— Good Faith.*—The eighteenth section of the act, entitled "An act to authorize aid to the construction of railroads by counties and townships taking stock in and making donations to railroad companies," 3 Ind. Stat. 389, requires the railroad company to which an appropriation has been made by a county to commence work upon the railroad in such county, in good faith, within one year from the time of the levy of the tax therefor, unless time has been given.

SAME.— *Tax.*—When the railroad company fails to commence work in good faith upon the railroad within one year from the levy of the tax, the tax-payer is discharged from his obligation to pay the tax, and no proceeding will lie to require the auditor to place the tax upon the duplicate or take any other steps to collect the same.

SAME.—*Board of Commissioners.*—The board of commissioners can levy a tax in aid of the construction of a railroad at their June session only.

SAME.—*Time of Levy.*—The tax is levied when the board of commissioners orders that the tax specified be levied, and not when the tax thus levied is placed upon the tax duplicate by the auditor.

The State, *ex rel.* Scobey, *v.* Wheadon, Auditor.

SAME.—The time within which the railroad company must commence work upon the railroad in the county, in order to avail itself of an appropriation by the county, commences from the time when the order levying the tax is made by the board of county commissioners and not from the time when the levy is placed on the tax duplicate.

SAME.—"*Commencing Work.*"—*Right of Way.*—*Letting Contract.*—By acquiring the right of way or letting contracts for the construction of a railroad, a railroad company does not "commence work upon the railroad."

SAME.—*Constitutional Law.*—BUSKIRK, C. J., concurring, held, further, that the aid to be furnished to incorporated companies by counties is limited to the taking of stock, by section 6, article 10, of the constitution of the State.

SAME.—*Election.*—*Board of Commissioners.*—DOWNEY, J., concurring, held, further, that under the statute authorizing aid to the construction of railroads, the question whether a county shall aid the construction of a railroad by donation of money or by taking stock of the railroad company, cannot be submitted to the election of the voters, but is for the board of county commissioners only to decide, after the money has been collected by taxation.

APPEAL from the Decatur Common Pleas.

WORDEN, J.—A petition, signed by over one hundred freeholders of Decatur county, was filed before the board of commissioners of said county, setting forth that the Toledo and Louisville Railway Company was a company legally organized under the laws of the State of Indiana, for the purpose of constructing a railroad from New Castle, in Henry county, to North Vernon, in Jennings county, passing through said county of Decatur, and requesting said board to make an appropriation of one hundred thousand dollars, by a tax upon the amount of the taxable property of said county, as a donation, for the purpose of aiding said company in the construction of said road through said county of Decatur. The board, having taken the petition under advisement, ordered the polls to be opened on the 29th day of January, 1870, in order that a vote be taken "upon the question of appropriating money by the county for the purpose of aiding in the construction of said railway, as prayed for in said petition." Due notice was accordingly given to the voters that, on the day specified, a vote would be taken "on the question of donating one hundred thousand dollars to aid in the construction of the Toledo and Louisville Railway, running from New Castle, in Henry county, to North

Vernon, in Jennings county, passing through said county" (of Decatur). At the election thus held there was a large majority in favor of the donation.

To provide for the donation, the board of commissioners, at their June session, 1870, ordered that there be a levy of fifty cents on each hundred dollars of real and personal property in Decatur county, Indiana, for said appropriation to aid the said Toledo and Louisville Railway Company, to be placed upon the duplicate of 1870; and at their June session, 1871, the board made a like order that fifty cents on the hundred dollars valuation be placed upon the duplicate of 1871.

On the 8th of September, 1870, the board entered upon their order book the following order, viz.:

"Ordered, by the board, that the auditor is hereby commanded to withhold from the tax duplicate of Decatur county, Indiana, the tax levied for the aid in the construction of the Toledo and Louisville Railroad, until such time as there is a prospect of the work of construction being commenced."

On the 30th of September, 1871, the board entered the following further order, viz.:

"Ordered, by the board, that the order heretofore made by this court at their regular June session, 1871, and entered of record on page 147 of this book, making a levy of fifty cents on each hundred dollars of taxable property in this county, to be placed upon the tax duplicate for the year 1871, for the purpose of aiding in the construction of the Toledo and Louisville Railway by a donation to said corporation, be and the same is hereby revoked."

The tax has never been placed upon the tax duplicate, and the auditor declines to place the same upon the duplicate, although he has been requested to do so by the relator, who is a tax-payer of the county and one of the signers of the petition asking for the donation.

This suit was instituted by the appellant against the appellee, on the 14th of March, 1872, to compel the latter, by

way of mandate, to place the tax upon the duplicate, to be collected. The petition for the writ was duly verified, and set out all the proceedings in full.

The defendant demurred to the petition, for the reason that it did not state facts sufficient, etc., but the demurrer was overruled, and he excepted. He then filed an answer to the writ or petition, alleging, amongst other things, "that twenty months or more have elapsed since said election, twenty-one months since said first levy, and nine months since the second, as shown by said affidavit; that said Toledo and Louisville Railway Company has never, at any time since its organization, filed any map or profile of its proposed route in the office of the clerk of said county of Decatur, nor any other public office in said county; nor has it expended to exceed fifty dollars for work done thereon in said county; nor is said road so constructed as that trains of cars pass over the same in any portion of said county; but, on the contrary, said railroad company has failed to commence work upon said railroad in said county, in good faith, and the board of county commissioners have not extended the time to complete the same, nor is the work progressing thereon, although the said periods of time have elapsed since said election and the levies of said taxes. Said respondent has been informed that the officers of said company did procure some few feet of grading to be done about the 14th day of June, 1871, to avoid a forfeiture of said donation, but not on any line regularly adopted by said company;—which is the only work ever done on the same in said county, as affiant is informed and believes. Said respondent therefore says that he is advised by counsel and directed by the board of county commissioners, whose clerk he is, not to put upon the tax duplicate, now in process of preparation for 1872, any part of said taxes so levied as aforesaid, because it would encumber the duplicate with a tax, the collection of which cannot be enforced; that said company has no right to demand the collection of said taxes; and that an effort at their collection would be attended with serious and troublesome litigation,

and involve an unnecessary expense to said county; wherefore," etc.

To this pleading the plaintiff demurred, assigning for cause that it did not state facts sufficient, etc., but the demurrer was overruled; exception.

The plaintiff replied, alleging that the railroad company had located the line of her road, setting out the manner of such location, and had, within a year from the 14th day of June, 1870 (the date of the first levy), procured rights of way, let contracts for work on the road, and in good faith, and with a view to the building and construction of said railroad, done work in the way of grading and grubbing upon the line of the road as thus located, in said county of Decatur. The defendant filed a denial of this pleading. Perhaps the denial was unnecessary, but if so, it did no harm.

The cause was submitted to the court for trial on the issue joined. Finding and judgment for the defendant, a new trial being denied the plaintiff.

There are seven errors assigned, which need not be set out in detail. We will notice such points as are relied upon for a reversal. It is claimed by the appellant that the answer or return to the writ did not state facts sufficient to bar the relief sought, and, therefore, that the demurrer thereto should have been sustained.

We think it is sufficiently alleged in the answer, that the railroad company failed to commence work, in good faith, upon the railroad in said county within one year from the time of the levy of the tax, to wit, the 14th of June, 1870. If this fact is material, it is by no means clear that the commencement of the work within that time was not a necessary allegation in the petition. It is alleged, however, in the reply, and this seems to have been the material issue in the cause.

Was it necessary that the work should have been thus commenced, in order to the maintenance of the action?

The State, *ex rel.* Scobey, *v.* Wheadon, Auditor.

The 18th section of the statute, under which the proceedings were had (3 Ind. Stat. 394), is as follows:

"Sec. 18. A failure on the part of the railroad company to commence work upon the railroad in said county within one year from the levying of such special tax, or failure to complete such railroad ready for use within three years from such levying, shall forfeit the rights of such company to such donation, unless the county commissioners, for good cause shown, shall give not to exceed one year's further time in which to complete the same, and the money raised by said special tax shall go into the general funds of the county or township, as the case may be, and be used accordingly."

We are of opinion that under this provision, where the railroad company fails to commence the work within the time specified, the tax-payer is released and discharged from his obligation to pay the tax, and, therefore, that no proceeding will lie to require the auditor to place the same upon the duplicate, or to take any other steps to collect the same. We need not, and do not, decide what would be the rule in cases where some of the taxes have been paid before the forfeiture, and others have not been paid; as in this case, none of the taxes have been paid, and there can be no inequality injuriously affecting the tax-payers.

It is unnecessary to determine whether the board of commissioners could extend the time for the commencement of the work, as it does not appear that that body made any such extension.

But it is claimed that the tax was not levied until it was put upon the duplicate for collection, and, therefore, that the year does not commence running until it is thus placed upon the duplicate. We are of a different opinion. The levy was made by the order of the board of commissioners on the 14th of June, 1870. The levy can only be made by the board, and it must be made at the June session. The work of placing the tax thus levied upon the duplicate is to be afterward performed by the auditor. The work of making

out the tax duplicate, is no part of the levying of taxes.

We are of opinion that the answer was good.

It is claimed that, on the trial, the court erred in admitting improper, and in excluding proper, evidence. The evidence admitted, claimed to be improper, was offered by the defendant, as to whether the railroad company had filed in the proper office a map and profile of her road, and as to whether there had been any meetings of the board of directors of the railroad company within specified times. If there was any valid objection to the evidence, it was on the ground of irrelevancy, and we cannot see that the plaintiff was in any way injured or prejudiced thereby. If the court committed an error in this respect, it was a harmless one. The excluded evidence was offered by the plaintiff, being a map purporting to be a delineation of what we take to be the railroad. It was not shown to have been made by the company, or to have been authorized, or in any way adopted by it. We think there was no error in excluding the map.

The only remaining question relates to the sufficiency of the evidence to sustain the finding. We think, upon an examination of the evidence, that we should not disturb the finding. There was evidence that rights of way had been acquired by the company in Decatur county within a year after the levying of the taxes. But the acquiring of the rights of way is not, in our opinion, "work," within the meaning of the section of the statute above cited. The right of way had to be acquired before the company could legitimately "commence work upon the railroad." The company also let a contract for the doing of some work upon the railroad. But letting a contract for the performance of work and the commencement of work, we take to be different things.

There was a little plowing and scraping done by the contractor within the year. This was evidently done with a view to save the forfeiture. He was to be paid for his work and for smoothing down the ground again if the road should

The State, *ex rel.* Scobey, *v.* Wheadon, Auditor.

not be built. He got a "monkey wrench and some other things," but has had no settlement for his work.

We cannot say, from the evidence, that the work was, in good faith, commenced upon the railroad within the year, as required by the statute above cited. Had the court below found the other way, we might not have felt called upon to disturb the finding on the question of fact. The finding, as it is, is not manifestly wrong, and we cannot disturb it.

The judgment below is affirmed, with costs.

BUSKIRK, C. J.—I concur in the foregoing opinion, but am of opinion that judgment was rightfully rendered for the defendant for the further reason that the whole proceedings, contemplating a donation by the county to aid in the construction of the railroad, were without competent authority, and void. In my opinion, the 6th section of the 10th article of the constitution, limits the aid to be furnished by a county to any incorporated company to the taking of stock therein. My views on this point are more fully stated in the case of *The Lafayette, Muncie, and Bloomington R. R. Co.* v. *Geiger*, 34 Ind. 185.

DOWNEY, J.—Being of the opinion that the proceedings which resulted in the levy of the tax in question were fatally defective, I concur in the conclusion that the case was rightly decided for the appellee by the common pleas, for this reason, in addition to the reason given in the main opinion: The petition prayed the board of commissioners to make an appropriation of a designated amount by way of donation. The board ordered an election to determine whether there should be an appropriation of the amount as prayed for in the petition, or not. The notice given informed the voters that they were to vote on the question whether the amount should be donated or not. This, I think, was a fatal departure from the requirements of the statute. The petition must ask for an appropriation simply. Sec. 1. The order of the board must be for the holding of an election

upon the subject of appropriating money by such county. Sec. 2. The notice must conform to the petition and the order of the board. Sec. 3. When the vote is taken, it must be "for the railroad appropriation," or "against the railroad appropriation." Sec. 6. After the money has been collected, the board of commissioners decide whether the money shall be applied to the taking of stock, or by way of donation. Sec. 14. When, as in this case, the question of donation alone is submitted to vote, it is without authority of law; it would take away from the commissioners the power of choice which the law vests in them, and which they are to exercise after the money shall have been collected, and is a clear departure from the statute. It would follow, if I am right in this conclusion, that the question of subscribing for stock could no more be submitted to the voters than that of donating the money. This view of the question was indicated in the opinion in the case of *The Lafayette, etc., R. R. Co.* v. *Geiger, supra,* as entertained by me. It seemed to me proper, if not necessary, that I should, in this case, state my convictions at a little greater length, and in my own language.

*H. Crawford, D. T. Wright, J. Gavin, J. D. Miller, J. S. Scobey,* and *O. B. Scobey,* for appellant.

*S. A. Bonner, C. Ewing,* and *J. K. Ewing,* for appellee.