Gavin *v.* Board of Commissioners of Decatur County.

No. 10,080.

GAVIN *v.* BOARD OF COMMISSIONERS OF DECATUR COUNTY.

APPEAL.—*County Commissioners.*—*Practice.*—An appeal from the order of a county board levying a tax in aid of a railroad goes to the circuit court, not for the correction of errors, but for trial as an original cause; objec-

tions filed there, in the nature of an assignment of errors, should be wholly disregarded, and the party appealing can make no question in the Supreme Court concerning the ruling of the circuit court upon them.

RAILROAD.—*Tax.*—*Public Aid.*—*Evidence.*—In July, 1879, a petition was presented to the county board asking an appropriation for a township of $75,000, to aid a railroad, as provided by the statute (R. S. 1881, sec. 4045). An election was held and the appropriation voted. In June, 1880, the board levied a tax of one per cent. accordingly. In June, 1881, another levy of one per cent. was ordered, and on trial of an appeal from this last order the appellant offered to prove that a tax of one per cent. for the years 1880 and 1881 would not raise the $75,000.

*Held,* that the evidence was immaterial.

*Held,* also, that the appeal raised no question upon the proceedings occurring before the order appealed from.

JUDGMENT.—*Assignment of Error.*—*Supreme Court.*—When the judgment appealed from is defective and incomplete, but no error is assigned thereon, and no available error has been committed in the proceedings which led to it, it will not be reversed.

From the Decatur Circuit Court.

*J. D. Miller* and *F. E. Gavin,* for appellant.

*W. A. Moore, B. F. Bennett, C. Ewing* and *J. K. Ewing,* for appellee.

NIBLACK, J.—The board of commissioners of Decatur county, on the 10th day of June, 1881, which was during their regular June session of that year, made and caused to be entered of record, an order as follows:

" Vernon, Greensburg and Rushville R. R. Co.

"Levy of taxes for Washington township.

"Whereas, on the 19th day of July, 1879, a petition by twenty-five freeholders of Washington township, of Decatur county, Indiana, was filed in the auditor's office of said county, asking an appropriation of $75,000 for the purpose of aiding in the construction of the Vernon, Greensburg and Rushville railroad through said township, by taking stock in said company for said township, in the sum of $75,000 ; and whereas an election was held in said township, on Monday, August 25th, 1879, which resulted in a majority of votes of said township for said appropriation.

"Therefore, it is hereby ordered that a special tax of one per cent. upon the real and personal property of said township be and the same is hereby levied for the year 1881, for the purpose of raising one-half of the amount specified in said appropriation."

Within thirty days after the making and entry of this order, Frank E. Gavin, a citizen of said township of Washington, and a property-holder and taxpayer therein, filed his affidavit with the auditor, setting forth an interest in the subject-matter embraced in the order, and alleging that he was aggrieved by the decision of the commissioners in relation thereto, and, upon the filing of an appeal bond, prayed an appeal to the circuit court.

The auditor in due time filed a transcript of the proceedings appealed from in the circuit court, in which the cause was placed upon the docket, the appellant being designated as the plaintiff, and the commissioners as defendants.

At the next term of the circuit court, the plaintiff Gavin filed what he denominated a statement of his grounds of appeal, urging as objections to the proceedings had before the commissioners:

1st. That said commissioners were not lawfully in session when they received the petition and ordered the election respectively referred to in the order appealed from.

2d. That the commissioners were not authorized to levy the taxes complained of, or any other taxes, at their regular June session of 1881.

3d. That the commissioners at their June session, in the year 1880 levied the sum of $34,477.10, of said sum of $75,000 referred to in the order appealed from, to aid in the construction of said Vernon, Greensburg and Rushville railroad; that the taxable property of said Washington township assessed for the year 1881, was $3,533,660; that such levy of one per cent. for the last named year would not raise the residue of said $75,000, but would fall short thereof by the sum of $5,186.30.

The defendants demurred severally to the objections thus

urged to the proceedings appealed from, and their demurrer was sustained as to the second and third objections, and overruled as to the first.

The defendants then joined issue upon the first objection and the cause was submitted to the court for trial.

The plaintiff read · in evidence the precept of the auditor convening the commissioners in special session on the 19th day of July, 1879; also the record of a petition filed on that day purporting to be signed by twenty-five freeholders of Washington township, asking the appropriation of $75,000 as herein above stated; also the order of the commissioners directing an election to be held in that township on the subject of the proposed appropriation on the 25th day of August, 1879; also the order of the commissioners made at their June session of 1880, directing a levy of one per cent. on the taxable property of Washington township for that year, purporting to be made in pursuance of the requirements of a majority vote of the voters of that township on said 25th day of August, 1879.

The plaintiff then offered evidence tending to prove the assessed value of the taxable property in Washington township for the years 1880 and 1881 respectively, for the purpose of showing that one per cent. levied on such taxable property for each of those years would not raise the sum of $75,000 voted as an appropriation by the voters of said township, but the court excluded the proffered evidence.

The defendants on their part read in evidence the return of the election held on the 25th day of August, 1879, showing that a large majority of the persons voting at that election had voted in favor of the appropriation asked for in the petition read in evidence by the plaintiff.

The court thereupon made a general finding for the defendants, and, over a motion for a new trial, rendered judgment in their favor for costs.

Errors are assigned upon the rulings of the circuit court sustaining demurrers to the second and third grounds of appeal

from the proceedings before the commissioners as stated by the appellant, and upon the overruling of the motion for a new trial.

The proceedings in this cause in the circuit court were quite informal and in some respects anomalous, having been conducted partly upon the idea that the circuit court was sitting as a court of error for the review of the proceedings had before the commissioners, and partly upon the theory that the cause stood for trial in that court as an original action.

The final judgment also settled nothing as to questions really brought before the court by the appeal, except in an inferential and argumentative way, and did not make such a final disposition of the cause as the court was, under the circumstances, required to make.

In the first place, the appeal to the circuit court was only from the order of the commissioners made and entered at their 'June session of 1881, and raised no question in that court on any of the previous proceedings on the subject to which that order related.

In the next place, that appeal brought the cause into the circuit court to be heard, tried and determined upon the evidence as an original cause, and not for review and re-examination as in a court of errors. 1 R. S. 1876, p. 357, section 36 ; McPherson v. Leathers, 29 Ind. 65 ; Mandlove v. Pavy, 33 Ind. 505.

Consequently, the statement by the appellant of his grounds of appeal in the circuit court raised no question for decision in that court, and brought nothing into the record for our decision here.

The appeal to the circuit court suspended the order appealed from, and transferred the question as to whether a tax ought to be levied on the taxable property of Washington township, for railroad purposes, for the year 1881, to that court, to be determined upon the evidence as an original question.   Hence, one of the questions, to which the appellant has devoted much time in the argument, and that is, as to the time at which the commissioners were authorized to levy such a tax in

the year 1881, became an immaterial question in the circuit court, and is one of no practical importance in this court.

The records of previous proceedings by the commissioners, read in evidence by the appellant, tended to show an obligation on the part of the proper authorities of Decatur county to make a levy of taxes on the property of Washington township, to pay the balance claimed to be due on the appropriation of $75,000, and as the appellant introduced those records in evidence, he can not now be heard to complain that they were improperly admitted in evidence.

The assessed value of the taxable property of Washington township, for the year 1879, the time at which the appropriation was voted, was not shown. We, therefore, assume that the amount voted did not exceed two per cent. on such taxable property for that year.

The assessed value of the taxable property of that township in the succeeding years was immaterial to any question before the court, and the court did not err in excluding all inquiry on that subject. If, on account of the shrinkage of values, or some defects in the assessments, or of some destruction of property, a levy of one per cent. each year for the years 1880 and 1881 would not make the sum appropriated, no citizen of the township could interpose that circumstance as a reason for not levying the per centum provided by law for the payment of such appropriation.

The statute under which this cause was appealed from the commissioners, required that the circuit court should make a final determination of the matters in controversy, and either carry such final determination into execution, or remand the cause with instructions to the commissioners. 1 R. S. 1876, p. 357, section 37; *Mandlove* v. *Pavy, supra.*

The judgment in this case made no order concerning the levy of taxes appealed from, and hence did not make a complete final disposition of the cause; but as no material error was committed against the appellant during the progress of

the cause, he is not in a position to demand a reversal of the judgment, however defective in some respects it may be.

The judgment is affirmed, with costs.