Norton *et al. v.* Milner, Treasurer, *et al.*

### No. 10,343.

## NORTON ET AL. *v.* MILNER, TREASURER, ET AL.

RAILROAD.—*Tax.*— *Public Aid.*— *Donation.*— *Forfeiture.*— *Parties.*— *Injunction.*—Suit by taxpayers to restrain the collection of taxes voted in September, 1878, by a township in aid of a railroad, and levied by the county board in 1881. All the proceedings prior to the levy of the taxes were regular. In 1879 one-half the sum voted was levied and placed on the duplicate, and the other half in 1881, the road being then permanently located, constructed and in operation through the township and a sum expended therein greater than the aid voted.

*Held,* that by virtue of section 4094, R. S. 1881, the railroad company was entitled to the money, and the injunction would not lie.

*Held,* also, that a taxpayer of the township, upon his application, showing that the treasurer and other defendants had refused to permit defence save in the circuit court, was properly admitted by the court to defend.

From the Grant Circuit Court.

*A. T. Wright* and *J. L. Custer*, for appellants.

*A. Steele* and *R. T. St. John*, for appellees.

BICKNELL, C. C.—The appellants, taxpayers and citizens of Centre township, in Grant county, brought this suit against the county treasurer and Centre township, of said county, to restrain by perpetual injunction the collection of a tax levied by the county board upon all the taxable property in said township, in aid of a railroad company. Over the objection of the appellants, David B. Sweetser, upon his petition, was made a co-defendant. Centre township was defaulted.

The county treasurer and David B. Sweetser filed separate demurrers to the complaint, for want of facts sufficient. The demurrers were sustained and the plaintiffs appealed.

The appellees moved to dismiss the appeal, alleging that the assignment of errors does not contain the full names of all the parties.

Since this motion was made the assignment of errors has been amended by adding the full name of David B. Sweetser, the omitted party.

The appellants assign as errors the admission of David B.

Sweetser as a party defendant, and the sustaining of the demurrers to the complaint.

There was no error in admitting Sweetser to defend; his petition was duly verified, and stated that he was a resident citizen and taxpayer of Centre township, and that the other defendants had declined to permit any appearance in the cause for them further than to contest the same in the circuit court. *Bittinger* v. *Bell,* 65 Ind. 445, 455.

The question presented by the demurrers is, had the county board a right, under existing statutes, to levy the tax in controversy at their June term, 1881?

Section 12 of the act of May 12th, 1869, Acts 1869, p. 92, R. S. 1881, section 4056, is as follows:

"If a majority of the votes cast shall be in favor of such railroad appropriation, the board of county commissioners, at its ensuing regular June session, shall grant the prayer of said petition, and shall levy a special tax of at least one-half the amount specified in said petition, but not exceeding one per centum upon the real and personal property in the county or township, as the case may be, liable to taxation for State and county purposes; which tax shall be collected in all respects as other taxes are collected for State and county purposes. And if the sum so levied shall not be equal to the amount specified in said petition, then the residue thereof shall be levied by said board of county commissioners at the June session of the following year."

The complaint shows that after regular proceedings authorizing aid to the extent of $32,000, the county board, at its June term, 1879, ordered that the sum of $16,000 be levied and collected, etc., and that the same be placed on the duplicate of 1879, "said $16,000 being one-half of aid so voted."

The complaint avers that no other proceedings were had by said county board upon said appropriation until June 14th, 1881, at the regular June term, 1881, when said board made an order finding that said railroad had been permanently located and put in operation through said township, and that

work had been done thereon exceeding in value said sum of $32,000, and ordering that $16,000 be levied and collected, etc., and placed on the duplicate of 1881, "said $16,000 being one-half of the aid so voted, one-half of said aid having been ordered for the year 1880."

The complaint avers that the county auditor, under this last order, had placed on the duplicate of 1881 against each of the plaintiffs his share of said $16,000, and had put said duplicate in the hands of the defendant, the county treasurer, who is threatening to collect the same, etc.

It will be observed that although the order of 1881 states that one-half of said aid had been ordered for the year 1880, yet, in fact, there was no order for 1880, the first order was in 1879, and for that year; no objection is made to said first order; there was no other order until 1881.

By section 12 of the act of May 12th, 1869, *supra*, the county board was authorized and required to levy one-half the amount specified in the petition at their June session, in 1879. This they did. They were also required to levy the residue "at the June session, in the following year." This they did not; they waited two years instead of one, and then, in 1881, they levied the residue.

They might have levied the whole appropriation in 1879, and directed that only half of it should be placed on the duplicate of the current year. *Bittinger* v. *Bell, supra.* Their order of 1879, directing a levy of one-half the amount voted, was valid. *Mustard* v. *Hoppess,* 69 Ind. 324.

The act of January 30th, 1873, Acts 1873, p. 184, provides in its 1st section, which is the same as R. S. 1881, section 4068, that such taxes shall not be placed on the duplicate until the railroad shall be permanently located, etc. This provision does not affect the levy of the tax; it concerns only the making of the duplicate, which is a distinct duty from that of making the levy. *State, ex rel.,* v. *Wheadon,* 39 Ind. 520.

Section 2 of this act of 1873 provides that, although such a tax has been placed on the duplicate, its collection shall be

suspended until an amount has been expended on the railroad equal to the amount of the tax. This provision also affects the duplicate only and not the levy.

The said section 2 of the act of 1873 was amended by section 2 of the act of March 11th, 1875, Acts 1875, p. 121, which is the same as section 4069, R. S. 1881. This amendment extended the time allowed to railroads to do their work from three years to five years, and provided that where such a tax has been placed on the duplicate, and its collection has been suspended, the county board, in certain cases, where the work done on the road in the township has been equal to the donation, shall order the tax collected as if it had never been suspended; it gave no new power to make a levy.

The act of May 12th, 1869, *supra,* was further amended by the act of March 17th, 1875, Acts 1875, Spec. Sess., p. 70, but this amendment did not touch section 12 of the act of 1869; it left unchanged the power of the county board as to levy; it changed sections 1, 2, 3, 4, 8, 13 and 17 of the act of 1869, and confined the right to aid railroads by donation to townships only.

The act of March 8th, 1879, Acts 1879, p. 46, R. S. 1881, sections 4058, 4064, has reference to the conditions to be specified in the petition, and requires the county board to make a contract with the railroad company stipulating for the performance of such conditions.

None of the foregoing legislation made any change in section 12 of the act of 1879, *supra,* as to the power of the county board to make a levy.

An act approved March 7th, 1877, R. S. 1881, section 4094, provides that "Any railroad company now organized under the laws of the State of Indiana, to which any township has made or may hereafter make an appropriation of money, to aid such company in constructing a railroad in or through such township, by taking stock in or donating money to such company, shall have five years from the passage of this act in which to complete such railroad for use, and, when so completed, such company shall be entitled to such appropriation."

In the case at bar the order for the second levy was made in 1881, less than five years after the passage of the last mentioned act. That order contained the following:

" The board further finds that said railroad has been permanently located through said township; that the same has been fully constructed and the iron rails laid ' thereon, and that a train of cars and locomotives have passed over the entire length of said road through said township, and that an amount of work has been done and paid for in said township exceeding in value the said sum of $32,000, the amount so voted, and that said railroad company is entitled to receive said moneys."

This finding shows conclusively that the facts existed, which, under the said act of March 7th, 1877, gave the railroad company the right to receive the remainder of the appropriation. *Board, etc.,* v. *Hall,* 70 Ind. 469.

If the company, under the act of 1877, had the right to receive the money, it became the duty of the county board, at its June session, to make the levy and order the tax placed on the duplicate.

The tax was voted by the township on September 9th, 1878. The first levy of one-half was made in June, 1879 ; the second levy was made in June, 1881 ; it is not necessary to determine whether this was too late under the act of May 12th, 1869, *supra,* because, in the mean time, the railroad had been completed for use through the township, and work thereon had been done in the township and paid for to an amount exceeding the $32,000 voted. This, under the act of March 7th, 1877, *supra,* entitled the railroad to the remainder of the appropriation, and the levy thereof by the county board was, under this act, undoubtedly valid. There was, therefore, no error in sustaining the demurrers to the complaint.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.