The Board of Commissioners of Knox County v. Montgomery.

Filed May 25, 1886.

---

No. 12,505.

THE BOARD OF COMMISSIONERS OF KNOX COUNTY v. MONT-
GOMERY.

RAILROAD.—*Public Aid.*—*County Commissioners.*—*Tax Levy, Petition for.*—
*Appeal.*—*Mandamus.*—*Election of Remedies.*—A petition to obtain the levy

| | |
|---|---|
| 106 | 517 |
| 130 | 517 |
| 106 | 517 |
| 131 | 424 |
| 106 | 517 |
| 137 | 491 |
| 106 | 517 |
| 142 | 349 |
| 106 | 517 |
| 167 | 53 |

The Board of Commissioners of Knox County v. Montgomery.

of a tax, in pursuance of an appropriation voted in aid of a railroad, may be first presented to the board of commissioners, and in the event of an adverse decision, an appeal will lie; but if the board should refuse to act, mandamus is the appropriate remedy.

SAME.—*Delay of Courts.*—The delay of the board of commissioners, in acting upon the petition at the time required by law, will not prejudice the rights of the petitioner.

CHANGE OF VENUE.—*Presumption as to Regularity.—Practice.*—If the record does not affirmatively show that a change of venue was improperly granted, it will be presumed that the cause was rightfully in the court where the trial took place, and mere recitals in a motion can not prevail against this presumption.

COUNTY COMMISSIONERS.—*Conclusiveness of Decisions.—Collateral Attack.*—The decision of the board of commissioners is conclusive upon all questions essential to the validity of the judgment pronounced by it, and they can not again be litigated except in case of a direct attack upon the judgment.

STATUTE.—*Public Policy.*—Where a valid statute expressly authorizes an act to be done, the courts can not consider its policy.

From the Daviess Circuit Court.

*W. A. Cullop, G. W. Shaw* and *C. B. Kessinger,* for appellant.

*G. G. Reily, W. C. Niblack, W. H. De Wolf* and *S. N. Chambers,* for appellee.

ELLIOTT, J.—The appellee filed a petition before the board of commissioners of Knox county, alleging that at the March session, 1883, of that body, a petition of more that twenty-five freeholders of Vincennes township was presented, praying that an appropriation of $90,000 be made to aid the Vincennes and Ohio River Railroad Company in the construction of its road; that at an election held according to law, the voters of the township voted in favor of making the appropriation; that at the June session, 1883, the election returns were canvassed, and it was adjudged by the board that a majority of the votes were cast in favor of the appropriation; that the board failed to levy the tax, and that the petitioner is a citizen and taxpayer of Vincennes township. Prayer that the board be required to levy a tax and cause it

to be placed upon the duplicate. A decision was made upon the petition against the petitioner, and he appealed to the circuit court.

One of the positions assumed by the appellant's counsel is, that the appellee did not pursue the appropriate remedy. The ground upon which this position is placed is that the appropriate remedy in such a case as this is mandamus. We can not yield to the contention that mandamus is the exclusive remedy. In at least two cases we have recognized the doctrine that the case may first be presented to the board of commissioners, and that in the event of an adverse decision an appeal will lie. *Board, etc.,* v. *Karp,* 90 Ind. 236; *Gavin* v. *Board, etc.,* 81 Ind. 480. These decisions are in harmony with those which declare that the board of commissioners is in many cases to be regarded as a court, and its decisions as judicial judgments, from which an appeal will lie to the circuit court. *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549; *City of Logansport* v. *LaRose,* 99 Ind. 117; *Town of Cicero* v. *Williamson,* 91 Ind. 541; *Rutherford* v. *Davis,* 95 Ind. 245.

It has been often held that where a case is presented invoking a judicial decision by the board, its decision can not be collaterally impeached, but can only be successfully attacked by appeal. *State, ex rel.,* v. *Board, etc.,* 101 Ind. 69; *Board, etc.,* v. *Maxwell,* 101 Ind. 268; *Board, etc.,* v. *Gregory,* 42 Ind. 32; *Pfaff* v. *Board, etc.,* 94 Ind. 529.

In this instance the complaint or petition filed by the appellee invoked the exercise of judicial power, and we can perceive no valid reason why the appellee could not appeal from the decision against him. Nor do we perceive any reason why the remedy adopted is not an appropriate one. It gives the board full opportunity to examine the case presented, without being first subjected to the annoyance of an action in the circuit court, and the liberal right of appeal conferred by law secures to all interested parties an ample opportunity of obtaining a review of the decision of the board. It is true that it has been held that a party may resort to mandamus

instead of invoking the judicial powers of the board, but we do not think mandamus is to be regarded as the exclusive remedy ; on the contrary, we think that the party has an election of remedies.

It is contended that as the board was required to perform a duty specially enjoined upon it by law, mandamus is the appropriate and exclusive remedy. The answer to this argument is that the taxpayer elected to call upon the board to exercise its judicial power, and did not ask it to exercise its ministerial functions. He chose to submit to its own decision, as a court, the question of his right to have an order directing the levy of the tax, and thus called upon it to make a judicial decision. Doubtless he might in the first instance have pursued such a course as would have entitled him to ask a mandate, but he was not bound to do so, as he had an election between two different methods of procedure, for he had a right to elect to demand that, as a ministerial act, the board should levy the tax, or he had a right to bring the matter before the board as a court and obtain a judicial decision. He had choice of two modes of procedure, one of which would make it necessary to resort to a mandate, and the other, if adopted, as was done in this case, required him to appeal from the decision against him. Whether the remedy must be by mandate, therefore, depends upon the course pursued.

The proceedings before boards of commissioners respecting claims or demands against the county, or in which taxpayers are interested, are undoubtedly of a somewhat anomalous character, for the board occupies a dual position, as it stands as the representative of the county, and its citizens, and also acts as a judicial tribunal, but, nevertheless, a party may, and in many cases must, submit his claims to its decision as a court. As the appellee did invoke the judicial power of the board, and did obtain its exercise, he can not maintain a suit for a mandate. We understand it to be well settled that where an inferior tribunal refuses to act mandamus will lie ;

but where it does act, and does make a decision, the remedy is that of appeal. *Pfister* v. *State, ex rel.*, 82 Ind. 382; *Baltimore, etc., R. R. Co.* v. *Board, etc.*, 73 Ind. 213; Wood Mandamus, 20.

For the reason that the board delayed acting on the petition, and did not levy the tax, until its June session, 1883, it is insisted that the taxpayer has no right to have the levy ordered. We can not hold that the mere delay of the board to take action at the time required by law can defeat the rights of the taxpayers to have the levy made. The case falls within the rule that the delay of a court will not be allowed to prejudice the rights of parties. Freeman Judgments, section 57.

The appeal from the decision of the board of commissioners was to the Knox Circuit Court; thence the case went to the Daviess Circuit Court, but the record is silent as to the grounds upon which the change was made, nor does it show upon whose application it was granted. In this condition of the record we must presume that the cause was rightfully in the Daviess Circuit Court. Presumptions are always in favor of the rulings of the trial court, and it is incumbent upon the party who challenges them to show that they were erroneous, and, under the operation of this rule, it devolved upon the appellant to affirmatively show that the cause was not rightfully in the court where the trial took place. Mere recitals in a motion, unsupported by affidavit or by record statements, can not prevail against the presumption in favor of the jurisdiction and action of the trial court. *Hyatt* v. *Cochran*, 69 Ind. 436, see p. 440.

The decision of the board upon the validity of the election and the sufficiency of the petition, conclusively settled all preliminary questions. If there was any error in that decision, the remedy was by appeal. It is not within the power of the parties or the court to go behind that judgment. The doctrine that the decision of the board approving the petition and ordering the tax, settles all preliminary questions, what-

soever be their nature, is too firmly established to be now successfully questioned. *Board, etc.,* v. *Hall,* 70 Ind. 469; *Faris* v. *Reynolds,* 70 Ind. 359, see p. 366; *Mullikin* v. *City of Bloomington,* 72 Ind. 161; *Brocaw* v. *Board, etc.,* 73 Ind. 543, see p. 545; *Stoddard* v. *Johnson,* 75 Ind. 20; *Ricketts* v. *Spraker,* 77 Ind. 371; *Reynolds* v. *Faris,* 80 Ind. 14; *Coolman* v. *Fleming,* 82 Ind. 117, see p. 123; *Million* v. *Board, etc.,* 89 Ind. 5; *Norton* v. *Milner,* 89 Ind. 197, see p. 201; *Caffyn* v. *State, ex rel.,* 91 Ind. 324, see p. 329; *Hilton* v. *Mason,* 92 Ind. 157.

It results from these decisions, and many declaring the same principle might be added, that the decision of the board is conclusive upon all questions essential to the validity of the judgment pronounced by it, and these questions can not be again litigated except in case of a direct attack upon the judgment.

The statute authorizes the voters to impose conditions upon the company asking the aid, and the conditions imposed in this instance are such as the statute authorizes. R. S. 1881, section 4058. Where a statute expressly authorizes an act to be done, no question of public policy affects the case so far as the courts are concerned. If the statute is constitutional it must stand, no matter how evil its policy or how much it may be opposed to the principles previously declared by the courts.

No motion to modify the decree was made in the trial court, and hence no question as to its form can be successfully made in this court.

Judgment affirmed.

NIBLACK, C. J., did not take any part in the decision of this case.

Filed May 14, 1886; petition for a rehearing overruled June 2, 1886.