Williams v. The Board of Commissioners of Lawrence County.

Filed Dec. 11, 1889.

───────◆───────

No. 13,811.

WILLIAMS v. THE BOARD OF COMMISSIONERS OF LAW-
RENCE COUNTY.

PLEADING.—*Demurrer.—When will Lie.*—A demurrer will lie only where the pleading is so indefinite and uncertain as entirely to fail to state a cause of action.

RAILROAD.—*Aid Tax.—Deficiency.—Additional Levy.—Taxpayer.—Right of Petition.—County Commissioners.*—A taxpayer has the right to compel an additional levy sufficient to pay the amount voted to a railroad company, or he may petition the board of commissioners to order the necessary assessment.

From the Lawrence Circuit Court.

*M. F. Dunn, G. G. Dunn, J. T. Hays* and *H. J. Hays,* for appellant.

*W. H. Edwards,* for appellee.

ELLIOTT, J.—The appellant petitioned the board of commissioners to levy an additional tax to pay a subscription which the voters of Shauswick township had made to aid the Bedford, Springville, Owensberg and Bloomfield Rail-

road Company in constructing its road. He alleges that he is a taxpayer and voter of the township; that a petition was presented to the board of commissioners signed by twenty-five freeholders, praying that an appropriation of $42,000 be made to aid in the construction of the railroad; that afterwards an election was ordered and held pursuant to the prayer of the petition; that a majority of the votes were cast in favor of making the appropriation; that by order of the board of commissioners an appropriation of $42,000 was made; that, for the purpose of collecting the amount, the board, at its June term, 1875, ordered a levy of one per centum on the taxable property of Shauswick township, and the assessment was placed upon the duplicate; at its June term, 1876, a further levy of a like amount was ordered by the board, and the assessment placed on the duplicate in due form; that, by virtue of these assessments, there has been collected and paid over to the railroad company $31,000; that there remains on the duplicate uncollected about $3,000; that of this sum only about $1,500 can be collected; that, as heretofore found by the board, the railroad company has located and constructed its road through Shauswick township, and has expended thereon about $47,000; that, in order to make up the full sum of $42,000 voted to the company and now due, it is necessary to make an additional levy of four-fifths of one per centum on the taxable property of the township. Prayer that the board order the assessment to be made and placed upon the duplicate. The petitioner's prayer was denied, and he appealed. The circuit court sustained a demurrer to the petition, and rendered judgment for the appellee. From that judgment this appeal is prosecuted.

It is probably true, as appellee's counsel contend, that the petition is not as definite and certain as the rules of pleading require, but the usual remedy for such a defect is by motion. It is only where the pleading is so indefinite and uncertain as to entirely fail to state a cause of action that a demurrer will lie. We must, therefore, determine whether there are

sufficient facts stated, and if there are, the complaint must be sustained, although the facts are not stated with that certainty with which a good pleader would state them.

The remedy adopted is not an inappropriate one. A taxpayer may petition the board of commissioners to order the necessary assessment, and need not, although he may do so, if he chooses, invoke judicial assistance through a different remedy. He has, however, as is often the case, an election of remedies. *Gavin* v. *Board, etc.*, 81 Ind. 480 ; *Board, etc.*, v. *Karp*, 90 Ind. 236 ; *Board, etc.*, v. *Montgomery*, 106 Ind. 517 ; *Board, etc.*, v. *Barnett*, 106 Ind. 599.

The right of a taxpayer to compel an additional levy sufficient to pay the amount voted to the railroad company has been asserted in many of our decisions, and must be regarded as settled. *Board, etc.*, v. *Montgomery, supra ; Gavin* v. *Board, etc., supra ; Board, etc.*, v. *State*, 86 Ind. 8.

There is no substantial merit in the point that the petition does not show that the levies made were insufficient to pay the subscription, for that fact does appear. The position that the failure to state the value of the taxable property in Shauswick township makes the petition bad, can not be maintained, for it appears, as a substantive fact, that the assessment did not produce the requisite amount.

It is true that two per centum of the taxable value of the property is all that can be levied in any one period of two years ; the petition, however, does not ask that more be levied within that period. " But," as said in *Miles* v. *Ray*, 100 Ind. 166, " when an appropriation not exceeding two per cent. has been lawfully made, it becomes a binding obligation upon the township, from which it is not discharged by a subsequent destruction or shrinkage in value of some of its taxable property. This construction secures to the company ultimately the full value of its appropriation, and at the same time protects the taxpayers from a levy of more than two per cent. in any period of two years."

We have discussed and disposed of all the objections urged against the petition, and we find none of them valid. We have not examined any other questions than those argued, and to them we strictly confine this decision. The points mentioned are the only ones which are in judgment, and beyond them our decision does not extend. Our conclusion is that the petition is sufficient to require an answer.

Judgment reversed.

