## DAVIS v. HERT ET AL.

[No. 7,051. Filed January 26, 1910. Rehearing denied June 23, 1910.]

1. RAILROADS.—*Subsidies.—Parties to Contest.—Demurrer.—Interest.*—Where a taxpayer petitions the board of commissioners for an order levying a tax to pay a railroad subsidy, making other taxpayers parties thereto, it is not necessary for such other taxpayers to set out in their demurrer to such petition that they are taxpayers of the township voting such subsidy. p. 244.

2. RAILROADS.—*Subsidies.—Orders of Boards.—Judicial Acts.*—The board of commissioners in determining whether a valid election has been held for a railroad subsidy, and in determining whether a majority of the legal votes were cast in favor thereof, acts in a judicial capacity. p. 245.

3. JUDGMENT.—*Railroad Subsidies.—Boards of Commissioners.*—An entry made by the board of commissioners, after a recital that 407 votes were cast for, and 60, against, a railroad subsidy, that "it is therefore found that a majority of votes cast at said election is for the railroad appropriation," constitutes a finding that a majority of the votes cast at such election was for the appropriation. p. 245.

4. RAILROADS.—*Subsidies.—Elections.—Contest.—Parties.—Appeal.* —Any interested person may contest before the board of commissioners a railroad subsidy election, and if aggrieved by the board's decision, may appeal. p. 246.

5. RAILROADS.— *Subsidies.— Elections.— Determining Result.*— A finding by the board of commissioners that a majority of the legal votes cast in a township were in favor of the proposed railroad subsidy, is a finding that the election was legal and that the votes cast were legal. p. 246.

6. RAILROADS.—*Subsidies.—Elections.—Collateral Attack.*—A finding of the board of commissioners that a majority of the votes of a certain township were cast in favor of a railroad subsidy tax cannot be collaterally attacked by the parties thereto. p. 246.

Davis *v.* Hert—46 Ind. App. 242.

7. APPEAL.—*From Boards of Commissioners.—Questions Presented.*
—On appeal from a board of commissioners, only such questions
can be raised as were presented before such board.  p. 247.

8. RAILROADS.—*Subsidies.—Petition for Tax Levy.—Sufficiency.*—
A petition by a taxpayer of a township alleging that a railroad
subsidy election had been held in a certain township, that a
majority voted for the subsidy, that the board of commissioners
had so decided, and praying for the levy of a tax therefor, is
sufficient on demurrer.  p. 247.

9. RAILROADS.—*Names.—Variance.—Subsidies.*—Upon a proper
showing, a subsidy voted in aid of the Indianapolis Southern
Railroad Company can be availed of by the Indianapolis South-
ern Railway Company.  p. 247.

10. RAILROADS.— *Subsidies.— Townships.— Clerical Errors.*— The
use of "Center" township instead of "Richland" township, may
be shown to be a clerical error.  p. 247.

11. RAILROADS.—*Subsidies.—Elections.—Tax Levy.—Decision of
Board.*—It is not necessary that the board of commissioners order
a tax levy to pay a railroad subsidy at its June term succeeding
the election at which such subsidy was voted, the statute being
directory.  p. 247.

12. APPEAL.—*Questions Presented.*—Where the trial court sus-
tained a demurrer to plaintiff's complaint, only those questions
arising on such complaint can be decided on appeal.  p. 247.

From Greene Circuit Court; *John C. Robinson,* Special
Judge.

Petition by Cyrus E. Davis against James G. Hert and
others. From a judgment for defendants, plaintiff appeals.
*Reversed.*

*John T. & Will H. Hays, James E. Kepperley, J. M. Dick-
inson* and *Cyrus E. Davis, in pro per.,* for appellant.

*William L. Slinkard,* for appellees.

ROBY, J.—This proceeding was begun before the Board of
Commissioners of the County of Greene by Cyrus E. Davis
as a taxpayer of Richland township in said county, its pur-
pose being to procure an order directing the levy of a special
tax voted by said township in aid of the Indianapolis South-
ern Railway Company. The board sustained a demurrer to
his petition. An appeal was taken to the circuit court, where
an amended demurrer was filed and sustained. Plaintiff re-

fused to plead further, and a judgment was rendered against him, from which this appeal was taken.

Two propositions are stated for reversal: (1) That the court erred in overruling appellant's motion to strike said amended demurrer from the files, for the reason that appellees, who filed it, do not show themselves to be taxpayers of Richland township, and (2) that the facts stated in the complaint and admitted by the demurrer entitle appellant to the relief prayed.

The first point is not well taken. Appellees were made parties to the proceeding in the commissioners' court, and did not need to state their interest in the controversy in connection with each step thereafter taken as such parties. The second point is more serious. Appellant avers that a petition was filed with the auditor, and duly presented to the Board of Commissioners of the County of Greene at the July term, 1902, praying for an appropriation of $25,060.60 in aid of said company; that an election was ordered to be held on August 28, 1902, and certain persons, not averred to have been the election commissioners of said county, were appointed to prepare and deliver ballots to the inspectors, and that said board at the regular September term, 1902, made and entered their final order and decision on said proceedings so had upon said petition and the vote thereof, as follows, to wit: "Come now the inspectors appointed by the board to hold election on the railroad in Center [Richland] township and made report as follows: * * *

Total for................. 407
Total against.............. 60

A. J. Shields,                   Inspector Southeast Precinct.
W. T. Terrell,                   Inspector Northeast Precinct.
George E. French,                Inspector Southwest Precinct.

It is therefore found that a majority of votes cast at said election is for the railroad appropriation." The trial court

held, upon the authority of *Current* v. *Luther* (1905), 164
Ind. 252, that the preparation and distribution of ballots by
persons other than the officers prescribed by law rendered
the election "invalid and voidable," and therefore sustained
the demurrer to appellant's petition. Appellant contends
that the validity of such election is not now open to contro-
versy.

The board of commissioners act in a judicial capacity in
determining whether a valid election has been had and
2.    whether a majority of the legal votes cast are in favor
of the appropriation. *Duncan* v. *Cox* (1908), 41 Ind.
App. 61; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484; *Avery*
v. *Akins* (1881), 74 Ind. 283.

The board has, in terms, as heretofore stated, found that
a majority of the votes cast at said election is for the
3.    railroad appropriation.

The appellant asserts that this was a decision from
which an appeal could have been taken, and that as no ap-
peal has been taken therefrom the fact is conclusively es-
tablished.

In the case of *Board, etc.,* v. *Montgomery* (1886), 106 Ind.
517, 521, it is said that "the decision of the board upon the
validity of the election and the sufficiency of the petition
conclusively settled all preliminary questions." The fact
stated in the opinion is that the board had adjudged "that
a majority of the votes were cast in favor of the appropria-
tion; that the board failed to levy the tax, and that the
petitioner is a citizen and taxpayer of Vincennes township.
Prayer that the board be required to levy a tax and place it
on the tax duplicate."

In *Goddard* v. *Stockman* (1881), 74 Ind. 400, it is held
that the appropriation depends upon the casting of a ma-
jority of the legal votes in its favor, and that the board of
commissioners had the right to go behind the canvass and
inquire into the truth of the return made; "that any indi-

vidual interested may appear before it and contest the result of the election, and, if aggrieved at the decision of the board, may take his appeal to the circuit court."

It is settled that any person interested as a taxpayer or otherwise may appear before the board of commissioners and contest the result of a railroad or gravel road election, 4. or an election for the incorporation of a town, and, if aggrieved by the decision, may take an appeal to the circuit court. *Strebin* v. *Lavengood* (1904), 163 Ind. 478; *Board, etc.,* v. *Conner, supra; Harris* v. *Millege* (1898), 151 Ind. 70; *State, ex rel.,* v. *Burgett* (1898), 151 Ind. 94.

In the case of *Good* v. *Burk* (1906), 167 Ind. 462, it was said that no appeal could be taken until an order granting or refusing to grant the prayer of the petition had been made by the board. The facts were, that the board found for the petitioners and ordered an election. An appeal from this order was taken to the circuit court, where the petition, not the appeal, was dismissed. The order appealed from was held to be an interlocutory one. An order granting the prayer of the petition can only follow the election, the verdict of the voters being not dissimilar to the verdict of a jury. When the board has found that a majority of the 5. votes cast at such election are in favor of the appropriation, it has, in effect, granted the prayer of the petition. Such a finding establishes the validity of the election and the legality of the votes. Nothing remains to be done except to levy the special tax. *Goddard* v. *Stockman, supra.*

Inasmuch as no appeal was taken or attempted to be taken from this order, it is not necessary to determine whether it was an appealable order, although the cases cited 6. would seem to leave little room for controversy as to the law. The important fact is that the board did pass upon the validity of the election and that its conclusion was not disputed. In the case of *Current* v. *Luther, supra,* the remonstrators appeared and contested the election. Any

interested person had a right to do this. The appellees did not contest the election. Not having done so, they are not now in a position to attack it. Only such questions can be considered in the circuit court as were properly presented before the commissioners. *Smyth* v. *State, ex rel.* (1902), 158 Ind. 332.

"The decision of the board upon the validity of the election and the sufficiency of the petition, conclusively settled all preliminary questions." *Board, etc.*, v. *Montgomery, supra.*

It is expressly averred in the complaint that both the board of commissioners and the circuit court sustained demurrers to a complaint showing that a petition had been filed, an election ordered and held, and a decision made by the board to the effect that a majority of the voters of the township had voted for the appropriation. The demurrer admitted all these facts, and it should have been overruled.

The point is made that the appropriation was voted in aid of the Indianapolis Southern Railroad Company while the Indianapolis Southern Railway Company seeks to avail itself thereof. The complaint contains appropriate averments showing that the appropriation was in aid of the Indianapolis Southern Railway Company. The terms used are interchangeable, and it is competent to meet the objection by proof. *Talbott* v. *Hale* (1880), 72 Ind. 1.

The use of the word "Center" instead of "Richland" in the report of the election is also averred to have been a clerical error. It was not necessary that the action of the board ordering the tax levy should have been taken at the succeeding June term, such provision being directory only. *Duncan* v. *Cox, supra.*

The appellee has filed an elaborate brief. The decision is, of necessity, confined to those facts which are stated in appellant's complaint and admitted by appellees' demurrer.

The judgment is reversed and the cause remanded, with instructions to overrule the demurrer to the complaint and for further proceedings.