THE INDIANAPOLIS, PERU AND CHICAGO R. W. CO. *v.* THE BOARD OF COMMISSIONERS OF TIPTON CO. ET AL.

RAILROAD.—*Appropriation.*—*Forfeiture of.*—*Acts of* 1872 *and* 1869.—Section 3 of the act of December 24th, 1872, Acts 1872, p. 56, releases a taxpayer from the payment of a tax voted and levied by a county, under the act of May 12th, 1869, 1 R. S. 1876, p. 736, to aid in the construction of a railroad, where the same had been forfeited by the railroad company. ·

SAME.—*Repeal of Statute.*—*Act of* 1873 —Sections 1 and 2 of said act of December 24th, 1872, were, perhaps, repealed by the act of January 30th, 1873, Acts 1873, p. 184.

SAME.—*Act of* 1875.—*Forfeiture by Failure to Complete Road.*—*Enjoining Collection of Tax.*—Where a railroad company, to which an appropriation to build its road had been duly voted by a county, and placed upon the duplicate more than three years prior to the passage of the act of March 11th, 1875, Acts 1875, Reg. Sess., p. 121, had failed during all that time either to complete its road, or to obtain further time, such appropriation became forfeited, and the collection of such tax could be enjoined at the suit of a taxpayer.

From the Miami Circuit Court.

*D. Moss*, for appellant.

*J. Green* and *D. Waugh*, for appellees.

SCOTT, J.—"The plaintiff complains of the defendant

and says, that the plaintiff is a corporation duly organized under the laws of said State, and has been for more than six years last past the owner of a large amount of property liable to taxation in said county. The defendant the Board of Commissioners of said county, at their June session, A. D. 1870, appropriated sixty thousand dollars to aid in the construction through said county of what was then and still is, known as the Lafayette, Muncie & Bloomington Railroad, claimed to be owned and in process of construction through said county by the Lafayette, Muncie & Bloomington Railroad Company. In order to raise the amount so appropriated, said Board of Commissioners then levied the sum of thirty thousand dollars upon the real and personal property liable to taxation in said county for the year A. D. 1870, and at their June session, A. D. 1871, said board levied the remaining half of said amount upon the real and personal property liable to taxation in said county for said last named years; at the time of making said levies, said board of commissioners further ordered the auditor of said county to apportion the same *pro rata* on the property liable to taxation in said county for said last named years. And the plaintiff says, that the auditor of said county apportioned against the plaintiff, of the taxes so levied as aforesaid, on the tax duplicate of said county, for the year 1870, the sum of $873.34, and for the year 1871 the sum of $873.33, making in all the sum of $1,746.67, which said taxes have been carried forward from time to time as delinquent, by said auditor and his *predecessors* in office, on all subsequent duplicates of said county, and are yet uncollected. And the plaintiff says, that the defendants claim, and the fact is, that the taxes aforesaid were levied in pursuance of the provisions of an act of the General Assembly of the said State, entitled 'An act to authorize aid to the construction of railroads by counties and townships taking stock in and making donations to railroad companies,'

approved May 12th, 1869, to aid said Lafayette, Muncie & Bloomington company in constructing a railroad through said county, and for no other or different purpose whatever. And the plaintiff says further, that said Lafayette, Muncie & Bloomington Railroad Company failed to complete their said railroad through said county, ready for use, within three years from the levying of said taxes as aforesaid, and that said Board of Commissioners did not give said company any further time in which to complete the same; and the plaintiff avers, that by means of said failure to complete the said railroad through said county, within the time aforesaid, the said Lafayette, Muncie & Bloomington Railroad Company forfeited all right to demand or have the moneys appropriated as aforesaid, and the plaintiff became and is released and discharged from the payment of said taxes remaining uncollected as aforesaid.

"And the plaintiff further says, that said Board of Commissioners have ordered the collection of said taxes, and give out in speeches, that they intend, in their official capacity, as soon as said taxes are collected, to appropriate the same in taking and paying for an equal nominal amount of the stock of said Lafayette, Muncie & Bloomington Railroad Company ; and the said treasurer gives out in speeches, that the said taxes so levied and appropriated as aforesaid are still a lien upon the said property of the plaintiff, liable to taxation in said county, and that he intends, and is about to proceed, to collect the same by distress and sale of such property. The said taxes are a cloud upon the title of the property of the plaintiff situated in said county.

"And the plaintiff further shows that said appropriation of said sum of sixty thousand dollars, so made by said Board of Commissioners as aforesaid, was and is illegal in this, to wit:

" First. That the petition presented to said Board of

Commissioners of said county, praying said board to make said appropriation of money, and in pursuance of which said appropriation was made as aforesaid, failed to show that the said Lafayette, Muncie & Bloomington Railroad Company was then duly organized under the laws of said State ;

" Second. That said petition, presented to said board as aforesaid, for the purpose aforesaid, failed to show that said appropriation of $60,000 $\frac{00}{100}$, asked for as aforesaid, did not exceed two per centum upon the amount of the taxable property of said county on the tax duplicate of said county delivered to the treasurer thereof for the preceding year, that is for the year preceding the year said petition was presented to said Board of Commissioners for the purposes aforesaid ;

" Third. That said petition is void for uncertainty in this, that it asks said Board of Commissioners to appropriate said sum of $60,000.00, by taking stock in or donating money to said Lafayette, Muncie & Bloomington Railroad Company, without designating therein whether said appropriation was to be a donation to said company, or expended in taking and paying for the stock of said company ;

" Fourth. That the notice issued by the auditor of said county, of the election ordered by said Board of Commissioners upon the presentation of said petition, failed to show that the vote therein referred to was to be taken on the subject of said county aiding in the construction of a railroad then duly organized under the laws of said State, running in and through said county of Tipton.

" Wherefore plaintiff asks to have the collection of said tax perpetually enjoined," etc.

This complaint was filed on the 25th of October, 1875, and sworn to by David Macy, the business manager of the plaintiff's railroad. There was a change of venue from

the Tipton Circuit Court to the Miami Circuit Court. There was a demurrer for want of sufficient facts, which was sustained, exception entered, and judgment against the plaintiff for costs. There was a temporary injunction, which was on motion dissolved, and to this ruling the plaintiff excepted; and these rulings are assigned for error in this court.

We are unable to say from the complaint that the tax was not properly levied.

The plaintiff insists that, under section 18 of the act of May 12th, 1869, the failure of the railroad company to complete its road, ready for use, within three years from the date of the levy of said tax, releases the plaintiff from the payment of the same.

In *The State, ex rel. Scobey,* v. *Wheadon,* 39 Ind. 520, this court, in construing sec. 18 of the act above referred to, after setting out the section in full, uses the following language:

"We are of opinion that under this provision, where the railroad company fails to commence the work within the time specified, the taxpayer is released and discharged from his obligation to pay the tax, and, therefore, that no proceeding will lie to require the auditor to place the same upon the duplicate, or to take any other steps to collect the same. We need not, and do not, decide what would be the rule in cases where some of the taxes have been paid before the forfeiture, and others have not been paid; as in this case, none of the taxes have been paid, and there can be no inequality injuriously affecting the taxpayers."

The learned judge who wrote the opinion seems to have been very guarded in the selection of words, so that the opinion could not be taken to mean more than the court decided in the case then before the court, and, for fear of misunderstanding, limited the decision by a very judicious hint as to the real extent of the opinion of the court. It

was evidently intended to only decide that, where a tax had been voted and not put on the duplicate, and the railroad company, for whose aid the tax had been voted, had not commenced work within one year from the levying of such special tax, no proceeding would lie to compel the collection of the tax; for it is not fair to presume that it was intended by the decision to say that the rights of the railroad company had any thing to do with the collection of the tax; for it is provided in the very same section, that in case the railroad company shall forfeit its right to the money raised by such tax, the same shall go into the general fund of the county. But, on the 24th day of December, 1872, the General Assembly passed a supplemental act. Acts 1872, p. 56. The third section of said act is as follows:

" In all cases where the levies of taxes have been made in pursuance of said act and remain uncollected, and such railroad company has failed to commence work on, or to complete such railroad as required by said act, the taxpayers or parties against whom said levies stand charged, shall be released and discharged from the payment thereof."

Applying this statute to the allegations of the complaint, we are of the opinion, that the demurrer to the complaint should have been overruled.

The judgment is reversed, with costs. Cause remanded with instructions to overrule the demurrer, and for further proceedings in accordance with this opinion.

### ON PETITION FOR A REHEARING.

Scott, J.—The third section of the act of Dec. 24th, 1872, Acts 1872, p. 57, releases a taxpayer from the payment of a tax levied under the act of May 12th, 1869, whenever the same has been forfeited by the company for whose aid the tax was levied. This section of said act is still in

force. The first and second sections of this act were, perhaps, repealed by the act of January 30th, 1873. Acts 1873, p. 184. This latter act was amended by the act of March 11th, 1875, and, by the proviso in this act, it expressly provided that the act shall not apply to any railroad, in any case, where three years or more have elapsed since the tax in aid thereof shall have been placed on the tax duplicate for collection. The tax in this case was levied in June, 1870, and June, 1871. We are of the opinion that the tax in controversy in this case had been forfeited at the time of the passage of the act of March 11th, 1875. The act of January 30th, 1873, having been repealed by the act of March 11th, 1875, there was no law left to support this or any other tax which had been placed on the duplicate for collection more than three years prior to March 11th, 1875, the road for whose aid the tax was levied neither having been completed, nor time. given.

The petition for a rehearing is overruled.