B'd of Comm'rs of Tipton Co. *et al.* *v.* Ind'polis, Peru and Chicago R. W. Co.

No. 10,269.

BOARD OF COMMISSIONERS OF TIPTON COUNTY ET AL. *v.* IN-
DIANAPOLIS, PERU AND CHICAGO RAILWAY COMPANY.

RAILROAD.—*Tax.*—*Donation.*—*Public Aid.*—*Forfeiture.*—*Statutes Construed.*—
Section 18, 1 R. S. 1876, p. 740, and section 3, Acts 1872, p. 56, concerning
the forfeiture of aid to the construction of railroads, apply only in cases
of donation, and not where stock has been subscribed. Nor do they apply
where a portion of the tax levied has been collected and paid to the rail-
road company.

LAW OF CASE.—The law as stated by the Supreme Court remains the law
of the case, as between the parties, upon a second appeal.

From the Miami Circuit Court.

*D. Waugh, H. J. Shirk* and *J. Mitchell,* for appellants.

*D. Moss* and *R. P. Effinger,* for appellee.

HAMMOND, J.—This case was in this court before, and is
reported as *Indianapolis, Peru and Chicago R. W. Co. v. Board
of Commissioners of Tipton County,* 70 Ind. 385. In the re-
ported case is found a full copy of the appellee's complaint,
in which no change has since been made. The board of com-
missioners of Tipton county, under the act of May 12th, 1869
(1 R. S. 1876, p. 736), at its June session, 1870, on proceed-
ings and a vote of the county previously had, appropriated
$60,000 to aid in the construction of the Lafayette, Bloom-
ington and Muncie Railroad. To meet this appropriation, it
did at the same time levy upon the taxable property of the
county a special tax of $30,000, and made a like levy at its
June session of the following year. The appellee's action,
commenced October 25th, 1875, in the Tipton Circuit Court
and taken by change of venue to the court below, sought to
enjoin the collection of this special tax against the appellee,
amounting to $1,746.67. The reported case shows that the
appellee's (then the appellant's) complaint was held good on
the averment that the Lafayette, Bloomington and Muncie
Railroad, for whose aid the tax was levied, was not completed
and ready for use within three years after the levy. This de-

cision was made under section 18 of the act of May 12th, 1869, and section 3 of an act of December 24th, 1872, Acts 1872, p. 56. Said section 18 provides, in substance, that if the railroad company for whose benefit the special tax is levied, fails to complete its railroad, ready for use, within three years after the levy, it shall forfeit all rights to the donation. Said section 3 of the last named act, having reference to the forfeiture under section 18, *supra,* provides in effect that where the railroad is not completed within three years after the levy, the taxpayers whose special tax remains uncollected shall be discharged from its payment. Both of the above sections of the statute, in a case subsequently decided but previously reported, were held to be repealed by the act of January 30th, 1873. Acts 1873, p. 184. ` Wilson v. Board of Commissioners, etc.,* 68 Ind. 507. Under the law, correctly announced in this decision, the complaint in this action in the reported case should have been held insufficient. But the law as stated in the reported case must remain the law, as between the parties in this action. Buskirk's Prac. 371; *Dodge v. Gaylord,* 53 Ind. 365; *Kress v. State, ex rel.,* 65 Ind. 106; *Test v. Larsh,* 76 Ind. 452.

On the return of the case to the court below the appellants filed an answer in two paragraphs. They are of great length and substantially alike, setting out with much particularity all the proceedings in reference to the petition for, the voting and levying of, the special tax in controversy, and showing sufficient compliance with the provisions of the act of May 12th, 1869, to make such tax valid. The averments are also made that the appropriation to the L., B. & M. R. R. Co. was by subscription to its stock and not by donation; that $50,000 of the tax was collected within three years from the levy and invested in the stock of said railroad; that the residue of the tax, except the appellee's, was uncollectible by reason of insolvency and removals; that said railroad company, within one year from the levy, expended on work on its road in Tipton county $100,000, and fully completed its railroad

ready for use within five years after the levy; and that the order of the county board making the appropriation had not been cancelled. Under the facts stated in the answer, the special tax in controversy is unquestionably valid and collectible, unless the averments in the appellants' answer fail to take it from the provisions of section 18 of the act of May 12th, 1869. In our opinion the answer avoids this section, so as to make its provisions inapplicable to this case. The section provides only for forfeitures of the rights of railroad companies to receive donations, where there is a failure to complete their railroad in three years after the levy. Such a forfeiture does not apply to a case of subscription to stock, and such is the present case as shown by the answer. Nor does section 18, or the subsequent statute having reference to it, apply to a case like the present, as developed by the answer, where a part of the special tax has been collected and paid to the railroad company, so that it can not be refunded to the taxpayers who have paid it. To relieve those who have not, in such case, paid their special tax, would make taxation unequal. It would be repugnant to the policy of the Constitution and the statutes which require that the burden of taxation shall be equally distributed upon all taxable property in the same proportion. It would encourage the non-payment of taxes by giving those who had not paid an advantage over those who had.

In *State, ex rel.,* v. *Wheadon,* 39 Ind. 520, the construction of said section 18 was involved. In that case none of the special tax had been paid. The learned judge who delivered the opinion carefully confined the decision to the case before the court, saying: " We need not, and do not, decide what would be the rule in cases where some of the taxes have been paid before the forfeiture, and others have not been paid; as in this case, none of the taxes have been paid, and there can be no inequality injuriously affecting the taxpayers."

The court below sustained a demurrer to each paragraph of the answer, to which the appellants excepted, and have

properly assigned such ruling as error in this court. We think the answer was sufficient.

The judgment of the court below is reversed, and the cause remanded to the court, with instructions to overrule the demurrer to each paragraph of the appellants' answer, and for further proceedings not inconsistent with this opinion.