Filed Nov. 20, 1883.

———————◆———————

No. 10,898.

CAFFYN, AUDITOR, *v.* THE STATE, EX REL. RADER.

RAILROADS.—*Public Aid.*—*Taxes.*—*Statute Construed.*—Section 4062, R. S. 1881, so far as it provides for a forfeiture of taxes levied to aid in the construction of railroads, has been repealed.

SAME.—*Mandate.*—*Pleading.*—In an alternative writ of mandate to compel the auditor to place on the duplicate taxes levied in aid of a railroad, it is sufficient to aver as a fact that the railroad has been permanently located in the township, without alleging that the fact has been judicially determined.

SAME.—*Evidence.*—*Records.*—*Maps.*—A proper record of a county board, appropriating money to aid a railroad company named therein, and showing all the facts necessary to give jurisdiction, is sufficient evidence of the appropriation and of the corporate existence of the railroad company, in a proceeding by mandate to have the tax put upon the duplicate. So, that the railroad has been permanently located is sufficiently shown by the map and profile filed in the clerk's office, with proof of the actual construction of the road accordingly.

From the Fulton Circuit Court.

*J. Conner, G. W. Holman* and *M. L. Essick,* for appellant. *L. P. Milligan* and *J. S. Slick,* for appellee.

BICKNELL, C. C.—This was an application for a writ of

mandate to require the appellant, as county auditor, to place on the tax duplicate of his county certain special taxes.

The petition was filed in September, 1882. It states that the plaintiff's relator is a resident freeholder and taxpayer of Rochester township, in said county; that on January 1st, 1879, the Chicago and Atlantic Railway Company was about to construct its railway through said Rochester township; that more than twenty-five freeholders of said township presented their petition to the county board of said county, for the appropriation to aid said railway company in the construction of its railway through said township, by taking stock in said company to the amount of $32,600, the same being less than two per cent. of the amount of property on the tax duplicate of said county for the year 1878; that the county board ordered an election to take the vote of said township, and that at such election a majority of votes were in favor of such appropriation; that the county board, at its regular session on June 6th, 1879, made an order that a special tax of $16,300, one-half the amount voted for, be levied to aid said railway company in the construction of its road in said township, and that no part of such levy be placed on the tax duplicate, or collected until the line of said railway be permanently located in said township, nor until the further order of the county board; that the county board, at its regular session on June 8th, 1880, made an order for the levy of the remaining half of the amount voted for, with the same provisos as in the first order; that said railway company began to build its road on January 1st, 1880, and permanently located the same through said township on September 1st, 1881, and has now, on September 2d, 1882, expended in the construction of its road in said township, a sum of money larger than the entire sum of said levies; that none of the taxes so levied have been placed on the tax duplicate for collection; that the defendant has failed and refused, and still refuses, to place any of said taxes on the tax duplicate for

collection, although specially requested thereto. Wherefore, etc. This petition was duly verified.

On September 7th, 1882, the Fulton Circuit Court awarded an alternative mandate, requiring the county auditor to place said taxes on the duplicate, or show cause why not. The foregoing petition was made a part of the writ.

The defendant appeared to the writ and demurred thereto for want of facts, etc.

Such a writ becomes the complaint, on which issues of law or fact may be made as in other cases. *Johnson* v. *Smith*, 64 Ind. 275; *Smith* v. *Johnson*, 69 Ind. 55. The demurrer was overruled. The defendant answered in three paragraphs:

1. That work on said railroad was not commenced in Fulton county within one year after the first of said levies.

2. That such work was not commenced in said county within a year after the second of said levies.

3. The general denial.

Demurrers to the first and second of these defences were sustained; a demurrer to said third defence was overruled. The issue was tried by a jury, who returned a general verdict for the petitioner. The defendant's motions for a new trial and in arrest of judgment were overruled. The court issued a peremptory mandate, requiring the defendant to forthwith place upon the duplicate said special taxes, and the court rendered a judgment for costs in favor of the petitioner. The defendant appealed. He assigns as errors—

1. Overruling the demurrer to the complaint.

2. Overruling the motion for a new trial.

3. Sustaining the demurrers to the first and second paragraphs of the answer.

The first objection made to the complaint is that it fails to contain any averment, that the railroad company began work upon its road in Fulton county within a year from the date of the levy of the taxes, and therefore shows upon its face that the rights of the company to the aid granted have been forfeited under section 18 of the act of May 12th, 1869, which

is the same as section 4062 of the R. S. of 1881. That section provides that "A failure on the part of the railroad company to commence work upon the railroad in said county within one year from the levying of such special tax, or failure to complete such railroad ready for use within three years from such levying, shall forfeit the rights of such company to such donation, unless the county commissioners, for good cause shown, shall give not to exceed one year's further time in which to complete the same."

The date of the levy is the date of the order therefor. *State, ex rel.,* v. *Wheadon,* 39 Ind. 520. .

While section 18, *supra,* remained unqualified by subsequent legislation, it was held that upon such failure of the company, the taxpayers were discharged from their obligations to pay the tax. *State* v. *Wheadon, supra.*

So far as section 18, *supra,* established a forfeiture of the rights of the railroad company, it has been repealed by subsequent legislation. *Wilson* v. *Board, etc.,* 68 Ind. 507; *Board, etc.,* v. *Indianapolis, etc., R. W. Co.,* 89 Ind. 101. In the case last cited it was held applicable, while unrepealed, to donations only.

The complaint, therefore, was not insufficient for failing to aver that the road was commenced in the township, within a year after the levy of the taxes.

The only other objection urged against the complaint is that it does not show any sufficient determination of the fact that the road was permanently located in the township. The act of January 30th, 1873, R. S. 1881, section 4068, provides that " No tax shall be placed on the duplicate of any county, for the purpose of taking stock or making donations to railroad companies," etc., "until such railroad shall have been permanently located in the county or township making the donation or taking the stock." In pleading it is necessary to allege facts, and not the evidence which proves such facts. The complaint here alleges that the company's road " was permanently located through said township in September, 1881." This suit

was commenced in 1882.   The complaint here shows that the
fact exists which the statute makes a condition precedent to
placing the tax on the duplicate.   The demurrer admits that
such fact exists.   It is not necessary to aver that the facts
which make it the duty of the auditor to place taxes upon the
tax duplicate have been ascertained by judicial determina-
tion.   There was no error in overruling the demurrer to the
complaint, and there was no error in sustaining the demurrers
to the first and second paragraphs of the defendant's answer.
The cases of *Wilson* v. *Board, etc., supra,* and the *Board, etc.,*
v. *Indianapolis, etc., R. W. Co., supra,* show that it was no
defence to the complaint, that the road was not commenced
in the county within a year after the levy.

The remaining error assigned is overruling the motion for
a new trial.

The reasons for a new trial were :

1. The verdict is contrary to law.

2. The verdict is not supported by sufficient evidence.

3. The court erred in refusing instructions numbered 1 and
2 asked for by defendant.

4. The court erred in giving instructions numbered 1, 2,
3 and 4 of its own motion, and in giving each of said instruc-
tions.

No question is presented as to the refusal of the court to
give the instructions asked for by the defendant, because they
are not in the bill of exceptions, and are not in the record in
any of the modes provided by law.   *Jeffersonville, etc., R. R.
Co.* v. *Cox,* 37 Ind. 325.

The only instructions given by the court which the appel-
lant discusses in his brief are instruction No. 1, and subdi-
vision 3 of instruction No. 2.   These are as follows :

" Instruction No. 1. The defendant, having denied all the
facts alleged by the plaintiff, has made it necessary that the
plaintiff, in order to secure your verdict, should prove those
facts ; but the record of the board of commissioners, which

is in evidence, is, of itself, sufficient to prove that the board of commissioners of the county did make a valid levy of the tax alleged to have been levied, upon the taxables of Rochester township, to aid in the construction of the railroad named. The same record also established the existence of the railroad company as a corporation, and the appropriation of the sum of $32,600 by said township, for the purpose of such aid. It then became the duty of the defendant, as soon as the railroad was permanently located in the township, to place the tax so levied upon the tax duplicate, so that it might be collected. This was a duty imposed by law, and the board of commissioners had no authority whatever to direct him, as the record shows they did, not to perform that duty until they should so order; and, so far as the record shows they did so, he should have disregarded it, and he can not justify a neglect of his duty by reason of that direction."

Subdivision 3 of instruction No. 2 is as follows:

"The map and profile in evidence and the clerk's endorsement of the filing thereof are sufficient evidence of the permanent location of the road, if it appears by the evidence that the road has been actually constructed on the line shown by such map."

The statute, R. S. 1881, section 3902, provides that "Every such company, before proceeding to construct a part of its road into or through any county named in its articles of association, shall make a map and profile of the route intended to be adopted by such company; which shall be certified by a majority of the directors, and filed in the office of the clerk of such county, for the inspection and examination of all persons interested therein."

We perceive no error in these instructions. The appellant claims that instruction No. 1 is wrong because it informs the jury that the record of the commissioners establishes the corporate existence of the company and the fact of the appropriation. In this the appellant is clearly mistaken. *Board, etc., v. Hall,* 70 Ind. 469.

As to the first and second reasons for a new trial, to wit, that the verdict was contrary to law and unsupported by sufficient evidence. This is not a proceeding to compel the payment to the company of the money appropriated. Its sole object is to require the tax to be placed upon the duplicate. For that purpose we think the evidence was clearly sufficient, and that the verdict was not contrary to law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Nov. 22, 1883.