The State, *ex rel.* Putnam, *v.* The Board of Comm'rs of Delaware Co. *et al.*

No. 8888.

## THE STATE, EX REL. PUTNAM, *v.* THE BOARD OF COMMISSIONERS OF DELAWARE COUNTY ET AL.

RAILROAD.— *Tax Aid.— County Commissioners.— Subscription for Stock.—* A general order made by the board of commissioners to invest a donation voted to aid in the construction of a certain railroad in the stock of such company, and the approval by said board of an assignment of an unpaid balance of such donation, operate as a subscription to the stock of the company of such portion of said donation.

SAME.—*Forfeiture of Aid.*—The failure of such railroad company to complete its road within three years from the time such donation is made does not work a forfeiture of such donation, in the absence of an order of the county commissioners, made in pursuance of the act of March 11th, 1875.

From the Delaware Circuit Court.

*J. N. Templer, R. S. Gregory, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellant.

*W. Brotherton,* for appellees.

BEST, C.—The State, on the relation of Frederick E. Putnam, a taxpayer of Delaware county, Indiana, brought this proceeding to compel, by mandate, the board of commissioners, auditor and treasurer of said county, to pay the Lafayette, Muncie and Bloomington Railroad Company $9,050, the balance of an appropriation that had been made by the voters of said county to aid in the construction of the road of said company. An alternative writ of mandate was issued. A portion of the writ was stricken out, after which a demurrer was sustained, and final judgment rendered for the appellees. These rulings are assigned as error.

The writ stated, in substance, that the Lafayette, Muncie and Bloomington Railroad Company was organized under the laws of this State, for the purpose of constructing a railroad from the city of Muncie in said county to the eastern line of the State of Illinois, in the direction of Bloomington in said State; that the board of commissioners of said county, on the

17th day of June, 1869, upon the petition of more than one hundred freeholders of said county asking for an appropriation of one hundred and fifty thousand dollars to aid in the construction of such road, ordered an election to be held in the various townships of the county to determine whether such appropriation should be made; that such election was held and resulted in favor of such appropriation; that immediately thereafter the board of commissioners, in response to a communication from the railroad company, assured it that levies, at the proper time, would be made, and the amount of the appropriation invested in the stock of the company; that at the ensuing session in June, 1871, the prayer of said petition was granted, and an order made that the sum thus appropriated should be invested in the stock of the company.; that a tax for one-half of the sum was then levied, placed upon the duplicate and collected; that at the June session, 1871, a tax was levied for the balance, placed upon the duplicate, and collected; that immediately after such election said railroad company commenced the construction of its road, and within three years from the time such tax had been placed upon the duplicate, said company expended in the construction of its road in said county more than one hundred and fifty thousand dollars, and that said road was fully completed by the 20th day of June, 1876; that during the time said company was constructing its road, the board of commissioners, from time to time, paid it various instalments of such appropriation, aggregating one hundred and fifty thousand nine hundred and fifty dollars, and that the residue of such appropriation remains in the treasury of the county; that after the collection of said residue, to wit, on the 3d day of June, 1874, said railroad company became indebted to the First National Bank of Muncie, Indiana, in the sum of $7,000, for money borrowed and used in the construction of said road in said county, and for the purpose of securing said bank said company executed the following assignment:

The State, *ex rel.* Putnam, *v.* The Board of Comm'rs of Delaware Co. *et al.*

"Muncie, Ind., June 3, 1874.

"I hereby convey to the Muncie National Bank all the right, title and interest of the Lafayette, Muncie and Bloomington Railroad Company, in and to $7,000 (seven thousand dollars) of the unpaid part of the stock subscription of the county of Delaware, State of Indiana. It being understood and agreed by and between said bank and said railroad company that the conveyance is to be taken by said bank as collateral security to a certain note given said bank by said railroad company this day.       John W. Heath, V. P.," etc.

That said assignment was thereafter approved by said board while in session, and its approval endorsed therein, in these words: "The within assignment is this day accepted and approved by the board of commissioners of Delaware county, Indiana, June 5th, 1874." Signed by each member of the board; that at the March term, 1876, said company tendered said board of commissioners a certificate of stock of one hundred and ninety shares of $50 each, and demanded the payment of the residue of such appropriation for itself and said bank, but that the same was refused; that said board of commissioners has not, upon the petition of twenty-five freeholders, or otherwise, cancelled or annulled such subscription, but that the same remains in force for said company. Prayer that these officers may be required to pay the money to said company or show cause for their failure.

It appears from the foregoing that this appropriation was collected and the greater portion of it was paid to the railroad company, in pursuance of an order of the county commissioners to invest it in the stock of the company; that after the collection of the amount in dispute, $7,000 of this sum was assigned to the Muncie National Bank, and this assignment was approved by the board of commissioners. It does not appear that any subscription for the stock was made upon the books of the company, but this was unnecessary, as a valid subscription may be made by the board of commis-

sioners by an order upon its own records.    *County of Moultrie v. Savings-Bank*, 92 U. S. 631.

An order was made to invest this appropriation in the stock of the company, and the payment of the money, and the approval of the assignment to the bank, in pursuance of such standing order, constituted, as we think, a subscription to the stock of the company within the meaning of our statute.

This is not seriously controverted, but it is insisted that the failure of the railroad company to complete its road within three years from the time the tax was levied forfeits the appropriation, and this is the principal question discussed upon this appeal.    This position is based upon the assumption that the 18th section of the act of May 12th, 1869, 1 R. S. 1876, p. 740, which provides for the forfeiture of donations to railroad companies, is still in force and applicable to this case.    These assumptions are groundless.    This section was repealed by the act of January 30, 1873, and if it were in force, it does not apply to a subscription for stock, as has recently been decided by this court.    *Wilson v. Board, etc.*, 68 Ind. 507; *Board, etc., v. Indianapolis, etc., R. W. Co.*, 89 Ind. 101.

There is no statute that annuls the subscription of a county or township to the stock of a railroad company simply because such company does not complete its road within a given time.    An order to that effect must be made by the board of commissioners in accordance with the provisions of the act of March 11th, 1875, in order to cancel such subscription, and as it is averred that no such order in this case was ever made, it follows that this subscription has not been forfeited.

It is proper to say that the last case cited, holding that section 18 is not applicable to a stock subscription, was decided since this case was determined below.

For the foregoing reasons we think the court erred in its rulings, and that the judgment must be reversed.

Per Curiam.—It is therefore ordered, upon the foregoing

opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to overrule the motion to strike out and the demurrer.

Filed Jan. 9, 1884.