### No. 11,485.

### SELLERS v. BEAVER, TREASURER, ET AL.

RAILROAD.—*Tax Aid.*—*Donation.*—*Failure to Complete Road.*—*Forfeiture.*—*Repeal of Statute.*—*Statute Construed.*—The provisions of section 2 of the supplemental act of 1873, p. 184, and the amendment of said section in 1875, R. S. 1881, section 4069, are inconsistent with the provisions of section 18 of the act of May 12th, 1869, R. S. 1881, section 4062, for the absolute forfeiture of the appropriation to a railroad company by failure to complete the work within a definite period, though the appropriation was made as a donation.

SAME.—*Subscription for Stock.*—Section 4094, R. S. 1881, does not provide for the declaring of any forfeiture for failure to complete a railroad within a particular time, and there is no statute that annuls the subscription of a county or township to the stock of a railroad company simply because the road is not completed within a given time.

SAME.—*Complaint.*—*Allegation.*—*"Legally Commenced."*—An allegation that the railroad company did not legally commence work is not equivalent to an averment that the company failed to commence work upon its road within two years from the levying of the tax.

STATUTES.—*Construction of Forfeitures.*—Statutes providing for forfeitures are to be strictly construed.

From the Huntington Circuit Court.

*J. B. Kenner, J. I. Dille, D. C. Anderson* and *Z. T. Dungan,* for appellant.

*W. O. Johnson, J. S. Slick, J. C. Branyan, L. P. Milligan, M. L. Spencer, — Kaufman* and *W. A. Branyan,* for appellees.

BLACK, C.—This was a suit brought by the appellant against the appellees, Henry Beaver, treasurer of Huntington county, and Huntington township in said county. The complaint was in two paragraphs, and the question of the sufficiency of the facts stated therein is the only one before us.

It was alleged, in effect, in each paragraph, that the Chicago and Atlantic Railway Company was duly organized under the laws of this State, in 1871; that said township voted to take stock in said company, in a sum stated; that at the June sessions in 1878 and 1879 of the board of commissioners of said county, said board levied a special tax on all the

taxables of said township, in a specified sum, at each of said sessions, to aid said railway company in the construction of a railroad through said township, and caused the auditor of said county to enter said special tax upon the tax duplicate of said county for that purpose; that the plaintiff then owned real and personal property in said township of the aggregate value for taxation purposes of a sum stated; that said auditor apportioned of said taxes against said property, for the years 1878 and 1879, the sum of $95.75; that said special tax, with penalties and interest, had been carried forward, year after year, on the tax duplicate, by the auditors and treasurers of said county; that the defendant Beaver was treasurer of said county, and said duplicates were in his hands as such treasurer. It was alleged that said company forfeited its right to have or demand said money so appropriated or any part thereof remaining uncollected. In the first paragraph the following alleged reasons for such forfeiture were stated: 1. Said company failed to complete its line of railway ready for use through said township within three years from the levy of said taxes, or at any time since; and said board of commissioners did not give one year's further time in which to complete the same. 2. Said company did not legally commence work upon said railway in said township within one year after said levy. 3. Said company did not construct and complete its said railway through said township, or the entire road, ready for use, within five years from March 7th, 1877, or within five years from July 2d, 1877. 4. Said company failed to commence work legally upon its road within two years from the levy of said tax.

In the second paragraph, the grounds of forfeiture stated were, in effect, the same as the third ground stated in the first paragraph.

It was alleged in each paragraph that said treasurer was proceeding to collect said tax; that the plaintiff was the owner of certain personal property described; that said Beaver, as such treasurer, had levied upon it and had advertised it for

sale, and threatened to sell it, and would sell it unless restrained. For what purpose the treasurer had levied on said property was not clearly stated in the first paragraph, but in the second it was alleged that he had so levied for the purpose of collecting said tax. Prayer for an injunction restraining said treasurer from making said sale or collecting said tax.

By section 18 of an act of May 12th, 1869, to authorize aid to the construction of railroads by counties and townships taking stock in and making donations to railroad companies (R. S. 1881, section 4062), it was provided that a failure on the part of the railroad company to commence work upon the railroad in the county within one year from the levying of such special tax, or failure to complete such railroad ready for use within three years from such levying, should forfeit the rights of such company to such "donation," unless the county commissioners, for good cause shown, should give not to exceed one year's further time in which to complete the same, and that the money raised by said special tax should go into the general funds of the county or township, as the case might be, and be used accordingly.

By section 3 of an act of December 24th, 1872, supplemental to said act of 1869 (R. S. 1881, section 4067), it was provided as follows: " In all cases where the levies of taxes have been made in pursuance of said act" of 1869, "and remain uncollected, and such railroad company has failed to commence work on, or to complete such railroad as required by said act, the taxpayers or parties against whom said levies stand charged shall be released and discharged from the payment thereof."

Upon these statutory provisions are predicated the first two of the supposed grounds of forfeiture stated in the complaint.

The provision for forfeiture in said section 18 was, by its terms, applicable only to appropriations by way of donation, and the failures therein contemplated could not work a forfeiture of an appropriation by way of taking stock, such

as that involved in this case.   This restriction of the forfeit-
ure to donations was noticed by this court in *Board, etc.,* v.
*Indianapolis, etc., R. W. Co.,* 89 Ind. 101, *Caffyn* v. *State, ex
rel.,* 91 Ind. 324, *State, ex rel.,* v. *Board, etc.,* 92 Ind. 499.

Furthermore, as was shown in *Wilson* v. *Board, etc.,* 68 Ind..
507, the Legislature, by section 2 of the supplemental act of
1873, Acts 1873, p. 184, and the amendment of said section
2 in 1875, R. S. 1881, section 4069, adopted an entirely dif-
ferent policy in relation to the forfeiture of such appropria-
tions because of failure to complete the road within a partic-
ular period; and it was held in the case last mentioned that
said act of 1873 worked the repeal of the provision of said
section 18 of the act of 1869, for the forfeiture of the ap-
propriation by failure to complete the road within the time
limited in said section 18, and also the provision of said sec-
tion 3 of said act of December 24th, 1872, that upon failure
of the railroad company to complete its road within the time
so limited, the taxpayers and parties against whom the levies-
stood charged should be released and discharged from the
payment thereof.

By said section 2 of said act of 1873, as amended in 1875,.
provision is made whereby if, within five years after the tax
has been placed upon the duplicate, the railroad company
shall not have expended in the actual construction of the rail-
road in the county or township an amount of money equal to
the amount of money to be donated or stock to be taken in,
the railroad company, the board of commissioners of the-
county may, in their discretion, annul and cancel the appro-
priation, upon the application of twenty-five-freeholders of
the county, after the giving of notice.   And it is provided.
that whenever it is shown, to the satisfaction of the board of
commissioners, that the amount of work done by the railroad
company is equal to the stock taken or donation made, it shall
be the duty of said board to order the tax to be collected at
once, as though it had never been suspended.

These provisions are plainly inconsistent with the provi-

sion of said section 18 for the absolute forfeiture of the appropriation by the failure to complete the railroad within a definite period, though the appropriation were made by way of donation.

In stating the second supposed ground of forfeiture, it was alleged that " said railway company did not legally commence work upon said railway in said township within one year after the levy of said pretended special levy of taxes."

The allegation that the company did not legally commence work is not equivalent to an allegation that it did not commence work, and it is subject to the objection that a conclusion of law is pleaded. *Wilson* v. *Board, etc., supra.*

Furthermore, statutes providing for forfeitures are to be strictly construed, and if it were needed it might be held that an allegation that the company did not commence work in the township would not be equivalent to an allegation that it did not commence work in the county.

In 1877 the Legislature enacted (section 4094, R. S. 1881) that "Any railroad company now organized under the laws of the State of Indiana, to which any township has made or may hereafter make an appropriation of money, to aid such company in constructing a railroad in or through such township, by taking stock in or donating money to such company, shall have five years from the passage of this act in which to complete such railroad for use, and when so completed, such company shall be entitled to such appropriation : *Provided,* That this act shall not be so construed as to entitle any company to such appropriation that has failed to commence work upon its road within two years from the levying of the special tax for such purpose."

The third and fourth supposed grounds of forfeiture stated in the complaint were based upon this enactment of 1877, March 7th, 1877, being the date of the approval of the act, and July 2d, 1877, being the date at which the statute became in force.

The purpose of this statute, as indicated by its title, was

to extend the time for the completion of railroads in all cases where townships had made, or might thereafter make, an appropriation of money to aid any railroad company in constructing its road; and the statute, in the body thereof, related to a particular class of railroad companies, being restricted to railroad companies then organized. It was provided that such a company should have five years from the passage of the act in which to complete its railroad for use, and that when so completed such company should be entitled to the appropriation.

Thus far the statute did not enact any forfeiture, or provide for the declaring of any forfeiture for failure to complete the railroad within a particular period. A forfeiture for such a failure, if there be any, must be found in some other statute. But, as we have seen, the only other statute providing for an absolute forfeiture on such ground related only to appropriations by way of donation, and it had been repealed.

And it was said by this court in *State, ex rel.,* v. *Board, etc., supra,* that " there is no statute that annuls the subscription of a county or township to the stock of a railroad company simply because such company does not complete its road within a given time."

So far as the proviso of this statute is concerned, it is sufficient for this case to say that the complaint did not allege that the railway company concerned failed to commence work upon its road within two years from the levying of the tax, but it alleged that said company failed to commence work " legally," etc., which, whatever be the proper effect of the statute, must, upon what has been said above, be held to not bring the case within the meaning of the statute.

The complaint was insufficient, and the judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion, it is ordered that the judgment be affirmed, at the appellant's costs.

Filed Sept. 18, 1884.