Filed March 3, 1886.

106    47
129   471

106    47
137   253
137   493
137   510
106    47
143    74

106    47
166   201

No. 10,909.

## NIXON v. CAMPBELL ET AL.

SUPREME COURT.—*Available Errors.*—*Practice.*—The only errors which will warrant the reversal of a judgment are such as affirmatively appear to have prejudiced the substantial rights of the party appealing.

RAILROAD.—*Public Aid.*—*Forfeiture.*—*Injunction.*—The mere failure to locate, within a prescribed time, a railroad to which a public donation has been made, is not, under existing statutes, a cause for forfeiture of the right to such donation, and where the road has actually been located and the required amount of money expended in its construction within the township, the collection of the special tax can not be enjoined.

SAME.—*Location of Road.*—*Order of Commissioners Placing Tax on Duplicate Conclusive as to.*—The order of the board of commissioners placing the special tax on the duplicate is conclusive as to the fact of the location of the road within the township, and can not be questioned in a proceeding for an injunction.

SAME.—*Statutes Repealed.*—Sections 4060 and 4062, R. S. 1881 (sections 16 and 18, Acts 1869, p. 92), relating to public aid to railroads, have been repealed by subsequent legislation. See opinion.

SAME.—*Forfeiture Must be Declared by County Commissioners.*—Unless there is an adjudication by the board of commissioners, in the manner provided by existing statutes, declaring a forfeiture, because of a failure to make the expenditure required, or to complete the road within the time prescribed, the collection of the special tax can not be enjoined.

From the Fountain Circuit Court.

*L. Nebeker* and *H. H. Dochterman,* for appellant.

*S. Claypool, W. A. Ketcham, W. E. Baker, J. McCabe, E. F. McCabe* and *L. P. Miller,* for appellees.

ELLIOTT, J.—Marshall Nixon is the sole appellant, those who were co-parties with him in the court below having refused to join in the appeal. As he is the sole appellant, the only errors which would warrant a reversal are such as affirmatively appear to have prejudiced his substantial rights, and as the record shows that the judgment against him rests entirely on the second paragraph of the complaint, he was not prejudiced by the rulings on the first paragraph, even if they were wrong. It is, therefore, neither necessary nor proper for us to discuss the rulings on the first paragraph of the complaint, and we pass them without further notice.

The second paragraph of the complaint alleges that the plaintiffs are taxpayers and citizens of VanBuren township, Fountain county; that at the June session, 1877, the board of commissioners, pursuant to a petition of twenty-five freeholders previously filed, ordered that a donation of $17,700 be made to the Frankfort and State Line Railroad Company, to aid in constructing a railroad through the township; that the board ordered a levy of a tax to pay the amount donated, and directed that it be placed upon the duplicate; that "the company failed to locate its line of railroad, or to commence work thereon, in said county or township within three years from the levying of said tax; that the company failed for more than three years after the tax was placed upon the duplicate of the county to expend in the actual construction of the road in the said township an amount of money equal to the amount of the donation; that the company had failed to complete its road for use through the township at the time this action was commenced, although five years have elapsed since the 7th day of March, 1877, and that no extension of time has been granted to the company by the board of commissioners. It also appears from the statements of the com-

plaint that the tax has been placed on the duplicate, that the treasurer threatens to collect it, and asserts that it is a lien upon the property of the plaintiffs.    An injunction restraining the collection of the tax is prayed.

The grounds upon which the validity of the tax is assailed are these :

1st. The failure to locate the railroad through the township until April, 1881.

2d. The failure to expend in the construction of the road a sum equal to the amount of the donation, within three years after the tax was placed on the duplicate.

3d. The failure to complete the railroad through the township within five years from the 7th day of April, 1877.

In our opinion the first of these grounds is not available. There are two reasons for this conclusion : *First.* The failure to locate the road within a prescribed time is not made a cause of forfeiture by the statute.  *Second.* The order placing the tax on the duplicate decided that the road was located, and this decision can not be collaterally impeached.   Of these in their order.

*First.* There is much confusion and very serious conflict in the statutes upon the subject of voting aid to railroad companies, but in the careful and exhaustive opinion in *Board, etc.,* v. *Center Township,* 105 Ind. 422, the statutes are fully considered and a clear exposition of their meaning given.   We do not deem it necessary to again discuss the question, but content ourselves with affirming that the opinion in that case satisfactorily shows what statutes are in force, what are causes of forfeiture, and how forfeitures may be declared.   It is evident from the reasoning in that case, that the failure to locate the road within a prescribed time is not a cause of forfeiture, provided the road is actually completed and the prescribed sum of money expended in its construction within the limits of the township.   Possibly, an injunction would lie to prevent the commissioners from placing the tax on the duplicate

until the location of the road, but, after it is completed through the township, and after the prescribed sum of money has been expended within the township limits, the collection of the tax can not be enjoined on the ground that the road was not located within a limited period.

*Second.* The order of the commissioners placing the tax on the duplicate is conclusive as to the fact of the location of the railroad within the limits of the township. This point is so decisively and thoroughly settled that discussion would be out of place. *Bish* v. *Stout,* 77 Ind. 255; *Faris* v. *Reynolds,* 70 Ind. 359; *Board, etc.,* v. *Hall,* 70 Ind. 469; *Hilton* v. *Mason,* 92 Ind. 157, see p. 164.

The second ground asserted in support of the relief sought is not a tenable one. The provision of the act of 1869 is: " No donation of money shall be made to any railroad company by such board of county commissioners until the railroad to be constructed shall have been permanently located, and work thereon done and paid for by the company equal to the amount of the donation then made." R. S. 1881, section 4060.

Conceding, but not asserting, that this statute is still in force, it would not avail the appellees, for it is clear that the word " donation " is used as signifying payment. Any other construction would overturn all the statutory provisions upon this subject. The vote and the order for the tax precede the expenditure of money, and it is plain that the Legislature did not intend that the decision upon the vote and the order for the tax should not be made until after the railroad company had expended a sum equal to the amount of the donation. It is obvious that until the order is made the amount of the donation could not be known, and the company could not, of course, be held bound to know what was not known to any one. But we are unable to perceive how it is possible to harmonize the provision we have quoted with the provisions of section 2 of the act of March 11th, 1875. That section contains, among others, the following provision : "And if

said railroad company shall not, within five years after said tax has been placed upon the duplicate for collection in the proper county, have expended, in the actual construction of said railroad in said county or township, an amount of money equal to the amount of money to be donated to or stock to be taken in said railroad company by said county or township, the board of commissioners may, in its discretion, make an order anulling and cancelling such subscription of stock or donation of money, upon the application of twenty-five freeholders."

The provisions we have quoted require that a declaration of forfeiture shall be made by the board of commissioners, so that, in this respect, at least, they are inconsistent with the provisions of the former statute, and, under many decisions of this court, it must be declared that to that extent the earlier statutes are repealed. Board, etc., v. Center Township, supra; Sellers v. Beaver, 97 Ind. 111; State, ex rel., v. Board, etc., 92 Ind. 499; Caffyn v. State, ex rel., 91 Ind. 324; Board, etc., v. Indianapolis, etc., R. W. Co., 89 Ind. 101; Wilson v. Board, etc., 68 Ind. 507.

These decisions also require us to hold, as we do, that unless there is an adjudication by the board of commissioners, in the manner provided by statute, declaring a forfeiture because of a failure to make the expenditure prescribed, the collection of the tax can not be enjoined.

The third ground relied upon by the plaintiffs as entitling them to an injunction is also disposed of by the cases to which we have referred, for those cases decide that the failure to complete the railroad within the time prescribed will not, without a declaration to that effect by the board of commissioners, work a forfeiture of the rights of the railroad company.

Judgment reversed, with instructions to sustain the demurrer of the appellant to the second paragraph of the complaint.

Filed Jan. 20, 1886.

## ON PETITION FOR A REHEARING.

ZOLLARS, J.—But one question is made in the argument upon the petition for a rehearing, and that is, that the second paragraph of the complaint is good by reason of the averment therein, that the railroad company failed to commence work upon the line of its road in the county or township within one year after the levying of the special tax.

Section 18 of the act of 1869, section 4062, R. S. 1881, provided two causes of forfeiture of the right to donations voted to railroad companies by townships. The first was a failure on the part of the railroad company to commence work upon its road in the county within one year from the levying of the special tax. The second was a failure on the part of the railroad company to complete its road ready for use within three years from the levying of such special tax. The failure to so commence the work, or to so complete the road, in and of itself, worked an absolute forfeiture of the right to the donation voted. It is conceded, that the second cause, so far as it, in and of itself, worked an absolute forfeiture, has been overthrown and superseded by subsequent legislation, as held in the principal opinion; but it is contended that the first cause has not been affected by subsequent legislation, and that, therefore, so far as the above section 18, of the act of 1869, provided for a forfeiture of such donation by a failure on the part of the railroad company to commence work upon its road within one year after the levying of the special tax, it is still in force.

In 1873, the Legislature passed an act supplemental to the act of 1869, Acts 1873, p. 184, R. S. 1881, sections 4068, 4069. The first section of that act provided, that "No tax shall be placed upon the duplicate of any county, for the purpose of taking stock or making donations to railroad companies, by any county or township, pursuant to the provisions of" the act of 1869, "until such railroad shall have been permanently located in the county or township making the dona-

tion or taking the stock." This section, it will be observed, prescribes no time within which the railroad shall be permanently located in the township. The only limitation seems to be, that until so located, the special tax shall not be placed upon the tax duplicate. Of course, it could not be expected that work upon the road would precede its location in the township.

The second section of the act provided for a suspension of the collection of the special tax, until an amount of work should be done upon the railroad in the township equal to the donation voted, provided a cause and a mode of forfeiture of the right to the donation, and contained a *proviso* that whenever it should be shown to the satisfaction of the board of county commissioners, that the amount of work done upon · the road in the township equalled the amount of the donation, the board should order the tax collected. This second section was amended in 1875. Acts 1875, p. 121 ; R. S. 1881, section 4069. The amendment made no change, except to extend the time within which the county board might declare a forfeiture of the right to the donation for a failure on the part of the railroad company to complete its road, and added a proviso which it is not necessary to notice here.

Here again, under the section of the act of 1873, as amended by the act of 1875, the provision that the county board shall order the tax collected when the value of the work done upon the road shall equal the amount donated, is without limitation as to time. Authority is given to the county board to declare a forfeiture of the donation, if, within three years after the special tax is placed upon the duplicate, a certain amount of work is not done upon the road. If, before such forfeiture shall be declared, the value of the work done upon the railroad shall equal the amount donated, the county board must order the special tax collected, regardless of the time within which the work may have been done.

The several statutes upon the subject of donating to rail-

road companies by townships, have been the source of no little difficulty to the profession and to the courts. Whatever doubts there may have been as to their proper construction, the later cases by this court hold that since the passage of the act of 1873, *supra,* the only mode of forfeiture for a failure on the part of the railroad company to commence and complete the construction of its road, has been by and through an order by the board of county commissioners. The case of *Wilson* v. *Board, etc.,* 68 Ind. 507, as counsel say, might have been decided without expressing an opinion as to whether or not there could be any forfeiture for a failure on the part of the railroad company to commence work upon its road within one year after levying the special tax, except by and through an order by the county board. And so, that case might have been disposed of without reference to the defective allegation in relation to the work not having been commenced within one year after the levying of the special tax, by holding that since the act of 1873, *supra,* in order to have a forfeiture of the right to a donation, it has been necessary that the county board should declare the forfeiture. In the later cases, the case above has been regarded and cited as resting upon the ground of the defective averment in relation to the work not having been commenced within the year, and upon the ground that section 18, *supra,* was not in force after the passage of the act of 1873, *supra.* See *State, ex rel.,* v. *Board, etc.,* 92 Ind. 499; *Sellers* v. *Beaver,* 97 Ind. 111.

The case of *Caffyn* v. *State, ex rel.,* 91 Ind. 324, involved the exact question as to whether or not the failure on the part of the railroad company to commence work upon its road within one year after the levying of the special tax operated as a forfeiture of the donation voted by the township. It was held that it did not. It was said : " While section 18, *supra,* remained unqualified by subsequent legislation, it was held that upon such failure of the company, the taxpayers were discharged from their obligations to pay the tax. * * *

So far as section 18, *supra*, established a forfeiture of the rights of the railroad company, it has been repealed by subsequent legislation. *Wilson* v. *Board, etc.*, 68 Ind. 507."

The act of 1877 manifests an understanding on the part of the Legislature that section 18 of the act of 1869 had been repealed. The above act of 1877 again extended the time within which railroad companies, then organized, might complete their roads, and be entitled to donations voted to them by townships. The act contained a proviso, that it should not be so construed as to entitle any company to donations that had failed to commence work upon its road within two years from the levying of the special tax. If that part of section 18 of the act of 1869, which provided for a forfeiture of the township donation by a failure on the part of the railroad company to commence work in one year after the levying of the special tax, was in force, the proviso in the act of 1877 would seem to have been unnecessary, because the donations were, or would be, forfeited by a failure to commence work within one year.

Upon a re-examination of the statutes, and following the later cases above cited, and keeping in mind that no forfeiture was declared by the county board, we are constrained to hold that the petition for a rehearing should be overruled. It is accordingly so ordered.

